# NO. 23-1475

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

U.S. BANK N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11,
Plaintiff - Appellee,
v.
MASOUD SHAKOORI-NAMINY,
Defendant - Appellant,

BRENDA SHAKOORI-NAMINY; SAND CANYON CORPORATION; WILMINGTON TRUST, NA, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates, Series 2007-SV1; HERITAGE CONCRETE CORP.; FIREPLACE LLC; STEPHEN E. MOTTAU; HALLINAN CAPITAL CORPORATION; SAND CANYON CORPORATION,
Defendants

On Appeal from a Final Judgment Entered After an Opinion and Order Granting A Declaratory Judgment and denying a Motion in Limine and for Sanctions and a Motion to Alter and Amend Judgments
Entered in the United States District Court for the District of Rhode Island

## APPENDIX OF APPELLANT
## MASSOUD SHAKOORI NAMINY

John B. Ennis                    February 10, 2024
Rhode Island Bar # 2135
Court of Appeals Bar # 47641
John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
Tel: (401)943-9230
Fax: (401)679-0035
Email: Jbelaw75@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Appendix was served on counsel of record via the Court's ECF system on February 10, 2024

/s/ John B. Ennis

# TABLE OF CONTENTS

CERTIFICATE OF SERVICE          i

1.    Docket          1

2.    Findings of Factor and Conclusions of Law       21

3. Judgment         46

4.  Memorandum and Order on Motion for a New Trial
and to Alter or Amend Judgment        48

5. Notice of Appeal        62

6. Motion in Limine and for Sanctions       63

7. Plaintiff's Answers to Interrogatories      130

8. Motion in Limine       143

9. Plaintiff's Supplemental Answers to Interrogatories    155

10. Plaintiff's Supplemental Response to Request for Production   172

11. Motion for New Trial and to Alter and Amend Judgment   187

12.    Affidavit re Haggerty v. PHH et al      219

13.    Transcript in In Re Sandoval      234

14. Deposition of Howard Handville                                    245

15. Transcript of trial cross examination of Howard Handville    369

16. Complaint                                                         417

17. Amended Complaint                                                 433

18. Exhibit 3 to Amended Complaint                                    451

19. Exhibit 4 to Amended Complaint                                    475

20. Exhibit 13 to Amended Complaint                                   500

21. Exhibit 14 to Amended Complaint                                   502

22. Exhibit 23 to Amended Complaint                                   504

23. Exhibit 24 to Amended Complaint                                   507

24. Answer to Amended Complaint                                       509

iii.

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:17-cv-00394-WES-LDA</u>

U.S. Bank N.A. v. Shakoori-Naminy, et al
Assigned to: Chief Judge William E. Smith
Referred to: Magistrate Judge Lincoln D. Almond
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 08/25/2017
Date Terminated: 11/16/2022
Jury Demand: Defendant
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

## Plaintiff

**U.S. Bank N.A.**
*as Trustee for the Registered Holders of*
*the Structured Asset Securities*
*Corporation, Structured Asset Investment*
*Loan Trust, Mortgage Pass-Through*
*Certificates, Series 2003-BC11*

represented by **Ethan Z. Tieger**
Hinshaw & Culbertson LLP
321 South Main Street
Suite 301
Providence, RI 02903
401-751-0842
Fax: 401-751-0072
Email: etieger@hinshawlaw.com
*TERMINATED: 08/19/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamal D. Burk**
Jamal D. Burk, Esq.
127 Dorrance Street
Ste 4th Floor
Providence, RI 02903
401-481-6733
Email: Jburk@jamalburklaw.com
*TERMINATED: 06/02/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Goldberg**
Hinshaw & Culbertson LLP
53 State Street
27th Floor
Boston, MA 02109
617-213-7008
Email: jessicagoldberg@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel C. Bodurtha**
Hinshaw & Culbertson LLP
56 Exchange Terrace
5th Floor

Providence, RI 02903
(401) 751–0842
Fax: (401) 751–0072
Email: sbodurtha@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Walter H Porr , Jr.**
5056 Lantana Road
4102
Lake Worth
Lake Worth, FL 33463
617–953–3420
Email: waltporr@comcast.net
*TERMINATED: 11/08/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine V. Eastwood**
Korde & Associates, PC
900 Chelmsford Street
Suite 3102
Lowell, MA 01851
978–256–1500
Fax: 978–256–7615
Email: ceastwood@kordeassociates.com
*ATTORNEY TO BE NOTICED*

**John S. McNicholas**
Korde & Associates, P.C.
Litigation
900 Chelmsford Street
Suite 3102
Lowell, MA 01851
978–256–1500 x26203
Email: jmcnicholas@kordeassociates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Masoud Shakoori–Naminy**
*also known as*
Masoud Shakoori

represented by **John B. Ennis**
1200 Reservoir Avenue
Cranston, RI 02920
401–943–9230
Fax: 946–5006
Email: Jbelaw75@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher M. Lefebvre**
Consumer & Family Law Center of
Christopher M. Lefebvre, PC
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02862
728-6060
Fax: 728-6534
Email: court@lefebvrelaw.com
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Brenda Shakoori-Naminy**

represented by **Brenda Shakoori-Naminy**
1541 Ten Rod road
Exeter, RI 02822
401-397-6997
Email: shakoori@cox.net
PRO SE

**Christopher M. Lefebvre**
(See above for address)
*TERMINATED: 01/17/2023*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Wilmington Trust National Association**
*as Successor Trustee to Citibank, N.A., as*
*Trustee for Bear Stearns Second Lien*
*Trust 2007-SV1, Mortgage-Backed*
*Certificates, Series 2007-SV1*

<u>Defendant</u>

**Heritage Concrete Corp.**

<u>Defendant</u>

**The Fireplace LLC**

<u>Defendant</u>

**Stephen E. Mottau**

<u>Defendant</u>

**Hallinan Capital Corporation**

<u>Defendant</u>

**Sand Canyon Corporation**

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 08/25/2017 | 1 | COMPLAINT ( filing fee paid $ 400.00, receipt number 0103–1119180 ), filed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. (Attachments: # 1 Exhibit 1 – Note, # 2 Exhibit 2 – Mortgage, # 3 Exhibit 3 – Sand Canyon Name Change, # 4 Exhibit 4 – Loan Modification, # 5 Exhibit 5 – Assignment, # 6 Exhibit 6 – Assignment, # 7 Exhibit 7 – Assignment, # 8 Exhibit 8 – Assignment, # 9 Exhibit 9 – Notices of Default, # 10 Exhibit 10 – Payment History, # 11 Exhibit 11 – Notices of Acceleration, # 12 Exhibit 12 – Schedule D, # 13 Exhibit 13 – Notice and Request for Loss Mitigation, # 14 Exhibit 14 – Schedule D, # 15 Exhibit 15 – Statement of Intention, # 16 Exhibit 16 – Amended Schedule A/B, # 17 Civil Cover Sheet, # 18 Civil Cover Sheet Summons – Masoud, # 19 Civil Cover Sheet Summons – Brenda, # 20 Civil Cover Sheet Summons – Wilmington Trust, # 21 Civil Cover Sheet Summons – Heritage Concrete Corp., # 22 Civil Cover Sheet Summons – The Fireplace LLC, # 23 Civil Cover Sheet Summons – Stephen, # 24 Civil Cover Sheet Summons – Hallinan Capital Corporation)(McNicholas, John) (Entered: 08/25/2017) |
| 08/25/2017 | 2 | NOTICE by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11 *of Availability of Loss Mitigation and Mediation Programs* (McNicholas, John) (Entered: 08/25/2017) |
| 08/28/2017 |  | Case assigned to Chief Judge William E. Smith and Magistrate Judge Lincoln D. Almond. (Urizandi, Nisshy) (Entered: 08/28/2017) |
| 09/01/2017 | 3 | Summons Issued as to All Defendants. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons)(McGuire, Vickie) (Entered: 09/01/2017) |
| 09/11/2017 | 4 | SUMMONS Returned Executed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. Stephen E. Mottau served on 9/7/2017, answer due 9/28/2017. (McNicholas, John) (Entered: 09/11/2017) |
| 09/11/2017 | 5 | SUMMONS Returned Executed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. Heritage Concrete Corp. served on 9/7/2017, answer due 9/28/2017. (McNicholas, John) (Entered: 09/11/2017) |
| 09/11/2017 | 6 | SUMMONS Returned Executed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. Brenda Shakoori–Naminy served on 9/7/2017, answer due 9/28/2017. (McNicholas, John) (Entered: 09/11/2017) |
| 09/11/2017 | 7 | SUMMONS Returned Executed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. Masoud Shakoori–Naminy a/k/a Shakoori served on 9/7/2017, answer due 9/28/2017. (McNicholas, John) (Entered: 09/11/2017) |
| 09/11/2017 | 8 | SUMMONS Returned Executed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment |

| | | |
|---|---|---|
| | | Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. Hallinan Capital Corporation served on 9/7/2017, answer due 9/28/2017. (McNicholas, John) (Entered: 09/11/2017) |
| 09/27/2017 | 9 | NOTICE of Appearance by Christopher M. Lefebvre on behalf of Brenda Shakoori–Naminy, Masoud Shakoori–Naminy a/k/a Shakoori (Lefebvre, Christopher) (Entered: 09/27/2017) |
| 09/27/2017 | 10 | Assented MOTION for an Extension of Time to File Answer re 1 Complaint,,,,, filed by Brenda Shakoori–Naminy, Masoud Shakoori–Naminy a/k/a Shakoori. Responses due by 10/11/2017. (Lefebvre, Christopher) (Entered: 09/27/2017) |
| 10/12/2017 | | TEXT ORDER granting 10 Motion for Extension of Time to Answer: Brenda Shakoori–Naminy answer due 10/30/2017; Masoud Shakoori–Naminy a/k/a Shakoori answer due 10/30/2017.. So Ordered by Chief Judge William E. Smith on 10/12/2017. (Jackson, Ryan) (Entered: 10/12/2017) |
| 10/16/2017 | 11 | SUMMONS Returned Executed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Second Lien Trust 2007–SV1, Mortgage–Backed Certificates, Series 2007–SV1 served on 9/20/2017, answer due 10/11/2017. (McNicholas, John) (Entered: 10/16/2017) |
| 10/30/2017 | 12 | ANSWER to Complaint by Brenda Shakoori–Naminy.(Lefebvre, Christopher) (Entered: 10/30/2017) |
| 10/30/2017 | 13 | NOTICE of Appearance by John B. Ennis on behalf of Masoud Shakoori–Naminy a/k/a Shakoori (Ennis, John) (Entered: 10/30/2017) |
| 10/30/2017 | 14 | MOTION for an Extension of Time to File Answer re Order on Motion for Extension of Time to Answer, 1 Complaint,,,,, to November 13, 2017 filed by Masoud Shakoori–Naminy a/k/a Shakoori. Responses due by 11/13/2017. (Ennis, John) (Entered: 10/30/2017) |
| 11/09/2017 | | TEXT ORDER granting 14 Motion for Extension of Time to Answer Masoud Shakoori–Naminy a/k/a Shakoori answer due 11/13/2017. So Ordered by Chief Judge William E. Smith on 11/9/2017. (Jackson, Ryan) (Entered: 11/09/2017) |
| 11/14/2017 | 15 | ANSWER to Complaint by Masoud Shakoori–Naminy a/k/a Shakoori.(Ennis, John) (Entered: 11/14/2017) |
| 11/29/2017 | 16 | NOTICE of Hearing: Telephonic Rule 16 Conference set for 12/8/2017 at 10:00 AM in Courtroom A before Magistrate Judge Lincoln D. Almond. The Court will initiate the call. Counsel shall provide the Clerk with contact information if it differs from the docket sheet. (Noel, Jeannine) (Entered: 11/29/2017) |
| 12/07/2017 | 17 | RULE 16 STATEMENT by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. (Porr, Walter) (Entered: 12/07/2017) |
| 12/07/2017 | 18 | NOTICE of Appearance by Walter H. Porr, Jr. on behalf of U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series |

| | | |
|---|---|---|
| | | 2003−BC11 (Porr, Walter) (Entered: 12/07/2017) |
| 12/08/2017 | | Minute Entry for proceedings held before Magistrate Judge Lincoln D. Almond: TELEPHONIC Rule 16 Conference held on 12/8/2017 (Porr, Ennis, Lefebvre) All parties via phone (Court Reporter FTR in Courtroom A at 10:07 am.) (Noel, Jeannine) (Entered: 12/08/2017) |
| 12/08/2017 | 19 | STANDARD PRETRIAL ORDER: Factual Discovery to close by 6/30/2018; Plaintiff Expert Disclosures shall be made by 4/30/2018; Defendant Expert Disclosures shall be made by 5/31/2018; Expert Discovery to close by 6/30/2018; Dispositive Motions due by 7/15/2018; Pretrial Memorandum due by 7/31/2018 or 30 days after a decision on any dispositive motion. So Ordered by Magistrate Judge Lincoln D. Almond on 12/8/2017. (Noel, Jeannine) (Entered: 12/08/2017) |
| 05/30/2018 | 20 | MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 41(a)(2)* WITH SUPPORTING MEMO filed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass−Through Certificates, Series 2003−BC11. **Responses due by 6/13/2018.** (Attachments: # 1 Supporting Memorandum)(Porr, Walter) (Entered: 05/30/2018) |
| 06/13/2018 | 21 | RESPONSE In Opposition to 20 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 41(a)(2)* filed by Masoud Shakoori−Naminy a/k/a Shakoori. **Replies due by 6/20/2018.** (Attachments: # 1 Supporting Memorandum Memorandum, # 2 Exhibit Request for Production, # 3 Exhibit Interrogatories, # 4 Exhibit Request for Admissions, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C)(Ennis, John) (Entered: 06/13/2018) |
| 06/13/2018 | 22 | RESPONSE In Opposition to 20 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 41(a)(2)* filed by Brenda Shakoori−Naminy. **Replies due by 6/20/2018.** (Lefebvre, Christopher) (Entered: 06/13/2018) |
| 06/19/2018 | 23 | REPLY to Response re 22 Response to Motion, 21 Response to Motion, filed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass−Through Certificates, Series 2003−BC11. (Porr, Walter) (Entered: 06/19/2018) |
| 10/29/2018 | | TEXT ORDER regarding 20 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 41(a)(2)*: The Court has carefully reviewed the parties' submissions concerning Plaintiffs' Motion to Dismiss (ECF No. 20). Fed. R. Civ. P. 41(a) applies only to the dismissal of actions, not individual claims. See Berthold Types Ltd. v. Adobe Sys., Inc., 242 F.3d 772, 777 (7th Cir. 2001); Addamax Corp. v. Open Software Found., Inc., 149 F.R.D. 3, 5 (D. Mass. 1993). In this context, Plaintiffs must file an amended complaint to drop some claims but not others. Plaintiff represented in its June 19, 2018 reply memorandum (ECF No. 23−1) that an amended complaint would be forthcoming, but filed no such complaint. Accordingly, Plaintiffs have 30 days from the date of this order to seek leave to file an amended complaint. If Plaintiffs' fail to do so, the Court will grant the Motion to Dismiss (ECF No. 20), but shall do so with prejudice. So Ordered by Chief Judge William E. Smith on 10/29/2018. (Jackson, Ryan) (Entered: 10/29/2018) |
| 10/31/2018 | 24 | MOTION to Amend/Correct *Complaint* filed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass−Through Certificates, Series 2003−BC11. **Responses due by 11/14/2018.** (Attachments: # 1 Supporting Memorandum, # 2 |

| | | |
|---|---|---|
| | | Exhibit Proposed Amended Complaint)(Porr, Walter) (Entered: 10/31/2018) |
| 11/08/2018 | 25 | NOTICE by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11 *of Withdrawal of Appearance* (Porr, Walter) (Entered: 11/08/2018) |
| 03/18/2019 | | TEXT ORDER granting 24 Motion to Amend the Complaint. Consequently, Plaintiff's 20 Motion to Dismiss is DENIED as moot. So Ordered by Chief Judge William E. Smith on 3/18/2019. (Jackson, Ryan) (Entered: 03/18/2019) |
| 03/27/2019 | 26 | AMENDED COMPLAINT against Brenda Shakoori–Naminy, Masoud Shakoori–Naminy a/k/a Shakoori, Sand Canyon Corporation, filed by U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11. (Attachments: # 1 Ex 1_Note, # 2 Ex 2_Mortgage, # 3 Ex 2–A_HUD statement, # 4 Ex 3_Securitization Docs, # 5 Ex 4_H&R Bloke_OOMC_Sale to AHMSI, # 6 Ex 5_Sand Canyon name change, # 7 Ex 6_2008 BK Docket, # 8 Ex 7_2008 BK Petition, # 9 Ex 8_2008 BK Chapter 13 Plan, # 10 Ex 9_2008 BK Schedules, # 11 Ex 10_2008 BK Amended Schedules, # 12 Ex 11_Loan mod, # 13 Ex 12_Loan Mod_Cashiers Checks, # 14 Ex 13_AHMSI to Trust AOM, # 15 Ex 14_Sand Canyon to Trust AOM, # 16 Ex 15_2012 Bk Docket, # 17 Ex 16_2012 Bk Petition, # 18 Ex 17_2012 Bk Loss Mit Req, # 19 Ex 18_2012 Bk Sched D, # 20 Ex 19_2012 Bk Statement of Intention, # 21 Ex 20_2012 Bk LaSalle Bank Loss Mit Contact, # 22 EX 21_2102 BK Loss Mit Status Rpt_3.23.12, # 23 Ex 22_2102 BK Loss Mit Status Rpt_5.27.12, # 24 Ex 23_LaSalle to US Bank AOM, # 25 Ex 24_US Bank to US Bank AOM, # 26 Ex 25_2015 Bk Docket, # 27 Ex 26_2015 Bk Petition, # 28 Ex 27_2015 Bk Sched A_D, # 29 Ex 28_2015 BK Statement of Intention, # 30 Ex 29_2015 Bk Amended Schedules A_B_C, # 31 Ex 30_2015 Bk Amended Schedule C, # 32 Ex 31_2015 BK Discharge, # 33 Ex 32_Payment History, # 34 Summons – Masoud, # 35 Summons – Brenda, # 36 Summons – Sand Canyon Corporation)(Eastwood, Catherine) (Entered: 03/27/2019) |
| 04/10/2019 | 27 | Assented MOTION for an Extension of Time to File Response/Reply as to 26 Amended Complaint,,,,,, *TO April 30, 2019* filed by Masoud Shakoori–Naminy a/k/a Shakoori. **Responses due by 4/24/2019.** (Ennis, John) (Entered: 04/10/2019) |
| 04/15/2019 | | TEXT ORDER granting 27 Motion for Extension of Time to File Response to Amended Complaint up to and including 4/30/19. So Ordered by Chief Judge William E. Smith on 4/15/2019. (Jackson, Ryan) (Entered: 04/15/2019) |
| 04/16/2019 | 28 | Summons Reissued as to Brenda Shakoori–Naminy, Masoud Shakoori–Naminy. (Attachments: # 1 Summons)(Potter, Carrie) (Entered: 04/16/2019) |
| 04/16/2019 | 29 | Summons Issued as to Sand Canyon Corporation. (Potter, Carrie) (Entered: 04/16/2019) |
| 04/18/2019 | 30 | NOTICE of Appearance by Samuel C. Bodurtha on behalf of U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2003–BC11 (Bodurtha, Samuel) (Entered: 04/18/2019) |
| 04/19/2019 | 31 | NOTICE of Appearance by Ethan Z. Tieger on behalf of U.S. Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series |

| | | 2003–BC11 (Tieger, Ethan) (Entered: 04/19/2019) |
|---|---|---|
| 04/22/2019 | 32 | ANSWER to 26 Amended Complaint,,,,,, by Brenda Shakoori–Naminy.(Lefebvre, Christopher) (Entered: 04/22/2019) |
| 05/05/2019 | 33 | ANSWER to 26 Amended Complaint,,,,,, by Masoud Shakoori–Naminy. (Attachments: # 1 Exhibit Request for Admissions, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Ennis, John) (Entered: 05/05/2019) |
| 05/05/2019 | 34 | MOTION for an Extension of Time to File Answer re 26 Amended Complaint,,,,,, Order on Motion for Extension of Time to File Response/Reply filed by Masoud Shakoori–Naminy. **Responses due by 5/20/2019.** (Ennis, John) (Entered: 05/05/2019) |
| 05/07/2019 | | TEXT ORDER granting *nunc pro tunc* 34 Motion for Extension of Time to Answer Brenda Shakoori–Naminy answer due 5/5/2019; Masoud Shakoori–Naminy answer due 5/5/2019.. So Ordered by Chief Judge William E. Smith on 5/7/2019. (Jackson, Ryan) (Entered: 05/07/2019) |
| 08/26/2019 | 35 | NOTICE by U.S. Bank N.A. *of Withdrawal of Appearance of Ethan Z. Tieger* (Tieger, Ethan) (Entered: 08/26/2019) |
| 02/10/2020 | 36 | NOTICE of Appearance by Jamal D. Burk on behalf of U.S. Bank N.A. (Burk, Jamal) (Entered: 02/10/2020) |
| 04/06/2020 | 37 | Joint MOTION for an Extension of Time Extend Discovery and Litigation Deadlines filed by U.S. Bank N.A.. **Responses due by 4/20/2020.** (Burk, Jamal) (Entered: 04/06/2020) |
| 05/26/2020 | | MOTIONS REFERRED: 37 Joint MOTION for an Extension of Time Extend Discovery and Litigation Deadlines referred for determination to Magistrate Judge Lincoln D. Almond. (Jackson, Ryan) (Entered: 05/26/2020) |
| 05/27/2020 | | TEXT ORDER granting 37 Motion for Extension of Time ; Set/Reset Scheduling Order Deadlines:( Factual Discovery to close by 9/30/2020; Plaintiff Expert Disclosures shall be made by 10/31/2020; Defendant Expert Disclosures shall be made by 11/30/2020; Expert Discovery to close by 12/31/2020; Dispositive Motions due by 1/31/2021). So Ordered by Magistrate Judge Lincoln D. Almond on 5/27/2020. (Noel, Jeannine) (Entered: 05/27/2020) |
| 07/20/2020 | 38 | MOTION to Compel Response to First Request for Production of Documents filed by U.S. Bank N.A.. **Responses due by 8/3/2020.** (Attachments: # 1 Exhibit A)(Burk, Jamal) (Entered: 07/20/2020) |
| 07/22/2020 | | MOTIONS REFERRED: 38 MOTION to Compel Response to First Request for Production of Documents referred for determination to Magistrate Judge Lincoln D. Almond. (Jackson, Ryan) (Entered: 07/22/2020) |
| 07/23/2020 | | TEXT ORDER denying without prejudice for failure to comply with the Court's November 6, 2019 Notice Regarding Discovery Disputes which can be found on the Court's website. Further, counsel are ORDERED to promptly confer in good faith about the status of the discovery responses in question 38 Motion to Compel. So Ordered by Magistrate Judge Lincoln D. Almond on 7/23/2020. (Noel, Jeannine) (Entered: 07/23/2020) |
| 08/18/2020 | | |

| | | |
|---|---|---|
| | | NOTICE of Hearing: 'In' Chambers Discovery Dispute Zoom Video—Conference *scheduled for MONDAY 8/31/2020 at 10:00 AM as a Remote Hearing* before District Judge William E. Smith; Zoom invitation and instructions will be emailed to all counsel. (Jackson, Ryan) (Entered: 08/18/2020) |
| 08/25/2020 | | Reset Hearings re: Notice of 'In' Chambers Discovery Dispute Zoom Video—Conference *RE–SCHEDULED to THURSDAY 9/3/2020 at 9:30 AM as a Remote Hearing* before District Judge William E. Smith; the hearing previously scheduled for 8/31/2020 is hereby CANCELLED; Updated Zoom invitation and instructions have been emailed to counsel. (Jackson, Ryan) (Entered: 08/25/2020) |
| 09/02/2020 | | HEARING CANCELLED re: 'In' Chambers Discovery Dispute Zoom Video—Conference previously scheduled for THURSDAY 9/3/2020 at 9:30 AM as a Remote Hearing before District Judge William E. Smith is hereby CANCELLED at the request of counsel(Jackson, Ryan) (Entered: 09/02/2020) |
| 09/03/2020 | 39 | NOTICE by U.S. Bank N.A. *Consent Order* (Burk, Jamal) (Entered: 09/03/2020) |
| 09/03/2020 | | TEXT ORDER entering 39 Discovery—related Consent Order filed by U.S. Bank N.A.. So Ordered by District Judge William E. Smith on 9/3/2020. (Jackson, Ryan) (Entered: 09/03/2020) |
| 10/06/2020 | 40 | Joint MOTION for an Extension of Time Extend Discovery and Litigation Deadlines filed by U.S. Bank N.A.. **Responses due by 10/20/2020.** (Burk, Jamal) (Entered: 10/06/2020) |
| 10/28/2020 | | NOTICE of VIDEO CONFERENCE: VIDEO Discovery Conference set for 11/2/2020 at 11:00 AM before Magistrate Judge Lincoln D. Almond. Video Information will be emailed to parties. (Noel, Jeannine) (Entered: 10/28/2020) |
| 11/02/2020 | 41 | MOTION to Continue filed by U.S. Bank N.A.. **Responses due by 11/16/2020.** (Bodurtha, Samuel) (Entered: 11/02/2020) |
| 11/02/2020 | | TEXT ORDER granting 41 Motion to Continue Video Discovery Conference. So Ordered by Magistrate Judge Lincoln D. Almond on 11/2/2020. (Noel, Jeannine) (Entered: 11/02/2020) |
| 11/02/2020 | | RESCHEDULING NOTICE of Video Discovery Conference: VIDEO Discovery Conference RESCHEDULED for 11/9/2020 at 10:00 AM before Magistrate Judge Lincoln D. Almond. MOVED FROM 11/2/2020. (Noel, Jeannine) (Entered: 11/02/2020) |
| 11/02/2020 | | MOTIONS REFERRED: 40 Joint MOTION for an Extension of Time Extend Discovery and Litigation Deadlines referred for determination to Magistrate Judge Lincoln D. Almond. (Jackson, Ryan) (Entered: 11/02/2020) |
| 11/03/2020 | | TEXT ORDER granting 40 Motion for Extension of Time ; Set/Reset Scheduling Order Deadlines:( Factual Discovery to close by 12/30/2020; Plaintiff Expert Disclosures shall be made by 2/1/2021; Defendant Expert Disclosures shall be made by 3/1/2021; Expert Discovery to close by 4/1/2021; Dispositive Motions due by 5/1/2021). So Ordered by Magistrate Judge Lincoln D. Almond on 11/3/2020. (Noel, Jeannine) (Entered: 11/03/2020) |
| 11/09/2020 | | Minute Entry for proceedings held before Magistrate Judge Lincoln D. Almond: Video Discovery Conference held on 11/9/2020 (Attorney Jamal Burk) (Remote Hearing at 10:02 a.m.) (Leyva, Lucia) (Entered: 11/09/2020) |

| 06/08/2021 | 42 | NOTICE of Hearing: Calendar Call via Zoom *scheduled for MONDAY 6/28/2021 at 9:30 AM as a Remote Hearing* before District Judge William E. Smith; Zoom information will be emailed to counsel. (Jackson, Ryan) (Entered: 06/08/2021) |
|---|---|---|
| 06/28/2021 | | Minute Entry for proceedings held before District Judge William E. Smith: Calendar Call via Zoom held on 6/28/2021; counsel present: S. Bodurtha, J. Ennis; this matter will be continued to the SEPTEMBER 2021 TRIAL CALENDAR by agreement of the parties; the matter will also be referred to Berry Mitchell for mediation and, if unsuccessful, this will be scheduled for a Bench Trial; Adjourned. (Jackson, Ryan) (Entered: 06/28/2021) |
| 06/28/2021 | 43 | ORDER entered referring case to Mediation pursuant to this Court's Alternative Dispute Resolution Plan, to be scheduled as soon as possible. Information about the Plan can be found by clicking here. So Ordered by District Judge William E. Smith on 6/28/2021. (Jackson, Ryan) (Entered: 06/28/2021) |
| 07/26/2021 | 44 | NOTICE OF HEARING: Mediation will convene via Teleconference/FaceTime on 7/28/2021 at 02:00 PM. Dial-In-Instructions have been forwarded to counsel in advance of the mediation. Counsel are to provide the mediator with the names, email addresses and cell phone numbers of all persons who will be participating in the Mediation. The "In-Person" attendance requirement set forth in this ECF form Notice is waived. A brief Mediation Statement setting forth the facts and governing law relied upon should be sent via email to the mediator no later than the close of business on 7/27/2021. (Mitchell, Berry) (Entered: 07/26/2021) |
| 07/28/2021 | | MINUTE ENTRY: Mediation convened and continued for good cause to 8/3/2020 at 10:00 AM.(Mitchell, Berry) (Entered: 07/28/2021) |
| 07/28/2021 | 45 | NOTICE OF HEARING: Mediation will convene via Teleconference/FaceTime on 8/3/2021 at 10:00 AM. Dial-In-Instructions have been forwarded to counsel in advance of the mediation. The "In-Person" attendance requirement set forth in this ECF form Notice is waived. (Mitchell, Berry) (Entered: 07/28/2021) |
| 08/03/2021 | | MINUTE ENTRY: Mediation held before the Court-Appointed Mediator on 8/3/2021.Mediation continued to 8/20/2021 at 2:00 PM.(Mitchell, Berry) (Entered: 08/03/2021) |
| 08/03/2021 | 46 | NOTICE of Hearing: Continuation of mediation will convene via Teleconference/FaceTime on 8/20/2021 at 02:00 PM with the Court-Appointed Mediator. Dial-In-Instructions have been provided to counsel in advance of the Mediation. Supplemental Mediation Statements are due 5 days in advance of the scheduled mediation. Counsel are to provide the Mediator with the names,email addresses and cell phone numbers of all persons who will be participating in the Mediation. The "In-Person" attendance requirement set forth in this form Notice is waived. (Mitchell, Berry) (Entered: 08/03/2021) |
| 09/09/2021 | | MINUTE ENTRY: Mediation that was scheduled for 8/20/2021 was cancelled for good cause and is now scheduled for 9/28/2021 at 10:00 AM before the Court-Appointed Mediator.(Mitchell, Berry) (Entered: 09/09/2021) |
| 09/09/2021 | 47 | NOTICE OF HEARING: Continuation of mediation will convene via Teleconference/FaceTime on 9/28/2021 at 10:00 AM before the Court-Appointed Mediator. Dial-In-Instructions have been provided to counsel in advance of the Mediation. Supplemental Mediation Statements are due 5 days in advance of the scheduled mediation. Counsel are to provide the Mediator with the names, email |

| | | |
|---|---|---|
| | | addresses and cell phone numbers of all persons who will be participating in the Mediation. The "In-Person" attendance requirement set forth in this form Notice is waived. (Mitchell, Berry) (Entered: 09/09/2021) |
| 11/15/2021 | 48 | NOTICE of Hearing: Calendar Call set for 11/22/2021 at 02:00 PM by Zoom before District Judge William E. Smith.(Zoom Meeting ID: 160 127 5000, Passcode: 953451) (Urizandi, Nisshy) (Entered: 11/15/2021) |
| 11/22/2021 | | Minute Entry for proceedings held before District Judge William E. Smith: Remote Calendar Call held on 11/22/2021. Samuel C. Bodurtha and John B. Ennis participated. This case will be placed on the January 2022 trial calendar. (by Zoom at 2:20 p.m.) (Urizandi, Nisshy) (Entered: 11/23/2021) |
| 11/23/2021 | | TEXT ORDER: This case is moved to the January 2022 trial calendar. So Ordered by District Judge William E. Smith on 11/22/2021. (Urizandi, Nisshy) (Entered: 11/23/2021) |
| 12/07/2021 | 49 | NOTICE of Hearing: Calendar Call set for 12/20/2021 at 9:30 AM by Zoom before District Judge William E. Smith. (Zoom Meeting ID: 160 046 1980, Passcode: 206625) (Urizandi, Nisshy) (Entered: 12/07/2021) |
| 12/20/2021 | | Minute Entry for proceedings held before District Judge William E. Smith: Calendar Call held on 12/20/2021. (Samuel Bodurtha and John Ennis) A status conference shall be scheduled in mid-January. (Court Reporter Lisa Schwam by Zoom at 9:50 a.m.) (Urizandi, Nisshy) (Entered: 12/20/2021) |
| 12/20/2021 | | NOTICE of Hearing: Remote Status Conference set for 1/12/2022 at 10:30 AM by Zoom before District Judge William E. Smith. The Court will send Zoom access information to counsel by email. (Urizandi, Nisshy) (Entered: 12/20/2021) |
| 01/12/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: Status Conference held on 1/12/2022. Samuel Bodurtha, John B. Ennis, and Christopher M. Lefebvre participated. (by Zoom at 11:00 a.m.) (Urizandi, Nisshy) (Entered: 01/12/2022) |
| 01/19/2022 | 50 | NOTICE of Hearing: Calendar Call set for 1/24/2022 at 10:00 AM by Zoom before District Judge William E. Smith. (Zoom Meeting ID: 160 384 2427, Passcode: 794780) (Urizandi, Nisshy) (Entered: 01/19/2022) |
| 01/24/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: Calendar Call held on 1/24/2022. Samuel Bodurtha and John Ennis participated. The bench trial in this case will begin on 3/7/2022. (by Zoom at 10:25 a.m.) (Urizandi, Nissheneyra) (Entered: 01/28/2022) |
| 02/14/2022 | 51 | MOTION in Limine *to Exclude Documents to Void Assignments for Lack of Relevancy* filed by U.S. Bank N.A.. **Responses due by 2/22/2022.** (Bodurtha, Samuel) (Entered: 02/14/2022) |
| 02/14/2022 | 52 | MEMORANDUM IN SUPPORT by U.S. Bank N.A. in support of 51 MOTION in Limine *to Exclude Documents to Void Assignments for Lack of Relevancy* . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bodurtha, Samuel) (Entered: 02/14/2022) |
| 02/21/2022 | 53 | Proposed Findings of Fact and Proposed Conclusions of Law by U.S. Bank N.A.(Bodurtha, Samuel) (Entered: 02/21/2022) |
| 02/25/2022 | 54 | |

| | | |
|---|---|---|
| | | Emergency MOTION for an Extension of Time to File Response/Reply as to 51 MOTION in Limine *to Exclude Documents to Void Assignments for Lack of Relevancy*, Calendar Call, *and to Continue Trial of the Case* filed by Masoud Shakoori–Naminy. **Responses due by 3/11/2022.** (Ennis, John) (Entered: 02/25/2022) |
| 02/25/2022 | 55 | Addendum re 54 Emergency MOTION for an Extension of Time to File Response/Reply as to 51 MOTION in Limine *to Exclude Documents to Void Assignments for Lack of Relevancy*, Calendar Call, *and to Continue Trial of the Case* by Masoud Shakoori–Naminy. (Attachments: # 1 Exhibit Hinshaw Culbertson Letter, # 2 Exhibit Altisource Term Sheet for Ocwen and PHH, # 3 Exhibit Interrogatories, # 4 Exhibit Request for Production, # 5 Exhibit Request for Admissions, # 6 Exhibit Exhibit A to Request for Admissions, # 7 Exhibit Exhibit B to Request for Admissions, # 8 Exhibit Exhibit C to Requests for Admissions, # 9 Exhibit Initial Response to Request for Production, # 10 Exhibit Initial Answers to Interrogatories)(Ennis, John) (Entered: 02/25/2022) |
| 02/25/2022 | | NOTICE of Hearing: Chambers Conference set for 2/25/2022 at 4:45 PM by Zoom before District Judge William E. Smith. Zoom access information will be sent to counsel by email. (Urizandi, Nissheneyra) (Entered: 02/25/2022) |
| 02/25/2022 | | NOTICE of Hearing: Chambers Conference rescheduled for 3/1/2022 at 9:30 AM by Zoom before District Judge William E. Smith. The Zoom access information previously sent remains the same. (Urizandi, Nissheneyra) (Entered: 02/25/2022) |
| 03/01/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: Chambers Conference held on 3/1/2022. Samuel Bodurtha and John Ennis participated. (by Zoom at 9:40 a.m.) (Urizandi, Nissheneyra) (Entered: 03/01/2022) |
| 03/01/2022 | | TEXT ORDER granting 54 Emergency Motion for an Extension of Time to File Response/Reply as to 51 Motion in Limine to Exclude Documents to Void Assignments for Lack of Relevancy, Calendar Call, and to Continue Trial of the Case. Trial will be continued to the first week of April. As discussed at the March 1, 2022 conference with the parties, Defendant shall file any motions in limine on or before March 8, 2022. Plaintiff's response is due by March 14, 2022. Defendant shall file his proposed findings of fact and conclusions of law on or before March 17, 2022. So Ordered by District Judge William E. Smith on 3/1/2022. (Urizandi, Nissheneyra) (Entered: 03/01/2022) |
| 03/08/2022 | 56 | AMENDED DOCUMENT by Masoud Shakoori–Naminy. Amendment to Order,, *Amended Scheduling Order*. (Ennis, John) (Entered: 03/08/2022) |
| 03/10/2022 | 57 | MOTION in Limine *and for Discovery Sanctions* filed by Masoud Shakoori–Naminy. **Responses due by 3/17/2022.** (Attachments: # 1 Exhibit Answers to Interrogatories, # 2 Exhibit Supplemental Response to Request for Production, # 3 Exhibit Request for Admissions, # 4 Exhibit Reference to Note and Allonge, # 5 Exhibit Response to Request for Production, # 6 Exhibit CFPB Consent Order, # 7 Exhibit Docx Plea Agreement, # 8 Exhibit CFPB, # 9 Exhibit Exhibit A to RFA, # 10 Exhibit Exhibit B to RFA, # 11 Exhibit Exhibit C to RFA)(Ennis, John) (Entered: 03/10/2022) |
| 03/10/2022 | 58 | MOTION in Limine filed by Masoud Shakoori–Naminy. **Responses due by 3/17/2022.** (Attachments: # 1 Exhibit Assignment and Assumption, # 2 Exhibit Trust Agreement, # 3 Exhibit Servicing Agreement, # 4 Exhibit Exhibit, # 5 Exhibit Purchase of servicing, # 6 Exhibit Notice of Resignation, # 7 Exhibit Hinshaw Letter, # 8 Exhibit Altisource Term Sheet, # 9 Exhibit Todd Ocwen Motion for |

| | | |
|---|---|---|
| | | Sanctions)(Ennis, John) (Entered: 03/10/2022) |
| 03/15/2022 | | NOTICE of Hearing: Chambers Conference set for 3/29/2022 at 9:30 AM by Zoom before District Judge William E. Smith. Zoom access information will be sent to counsel by email. (Urizandi, Nissheneyra) (Entered: 03/15/2022) |
| 03/17/2022 | 59 | RESPONSE In Opposition to 58 MOTION in Limine filed by U.S. Bank N.A.. **Replies due by 3/24/2022.** (Bodurtha, Samuel) (Entered: 03/17/2022) |
| 03/17/2022 | 60 | RESPONSE In Opposition to 57 MOTION in Limine *and for Discovery Sanctions* filed by U.S. Bank N.A.. **Replies due by 3/24/2022.** (Attachments: # 1 Exhibit A – 12–13–21 Email, # 2 Exhibit B – 01–18–22 Email, # 3 Exhibit C – 08–20–21 Email, # 4 Exhibit D – Supplemental Discovery Responses)(Bodurtha, Samuel) (Entered: 03/17/2022) |
| 03/24/2022 | 61 | MOTION for an Extension of Time to File Response/Reply as to 59 Response to Motion, 60 Response to Motion, 56 Amended Document *to March 28, 2022* filed by Masoud Shakoori–Naminy. **Responses due by 4/7/2022.** (Ennis, John) (Entered: 03/24/2022) |
| 03/25/2022 | | TEXT ORDER granting 61 MOTION for an Extension of Time to File Reply to 59 Response to Motion, 60 Response to Motion re 58 MOTION in Limine, 57 MOTION in Limine *and for Discovery Sanctions*. **Replies due by 3/28/2022.** So Ordered by District Judge William E. Smith on 3/25/2022. (Urizandi, Nissheneyra) (Entered: 03/25/2022) |
| 03/28/2022 | 62 | MOTION for an Extension of Time to File Reply Memorandum on March 29, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 4/11/2022.** (Ennis, John) (Entered: 03/28/2022) |
| 03/29/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: In Chambers Conference held on 3/29/2022. Samuel Bodurtha and John Ennis participated. (Zoom at 9:35 a.m.) (Urizandi, Nissheneyra) (Entered: 03/29/2022) |
| 03/29/2022 | | NOTICE of Hearing on Motion 51 MOTION in Limine *to Exclude Documents to Void Assignments for Lack of Relevancy*, 58 MOTION in Limine, 57 MOTION in Limine *and for Discovery Sanctions*: Motion Hearing set for 4/4/2022 at 1:00 PM in Courtroom 3 before District Judge William E. Smith. **Counsel is asked to come in 20 minutes early to take a COVID–19 Rapid test.** (Urizandi, Nissheneyra) (Entered: 03/29/2022) |
| 03/29/2022 | | NOTICE of Hearing: Bench Trial set for 4/5/2022 at 9:30 AM in Courtroom 3 before District Judge William E. Smith. (Urizandi, Nissheneyra) (Entered: 03/29/2022) |
| 03/29/2022 | | TEXT ORDER granting 62 MOTION for an Extension of Time to File Reply Memorandum on March 29, 2022. Reset Deadlines as to 58 MOTION in Limine, 57 MOTION in Limine *and for Discovery Sanctions*. **Replies due by 3/29/2022.** So Ordered by District Judge William E. Smith on 3/29/2022. (Urizandi, Nissheneyra) (Entered: 03/29/2022) |
| 03/29/2022 | 63 | MOTION for an Extension of Time to File *Reply Memorandum to March 30, 2022* filed by Masoud Shakoori–Naminy. **Responses due by 4/12/2022.** (Ennis, John) (Entered: 03/29/2022) |
| 03/30/2022 | 64 | REPLY to Response re 59 Response to Motion, 60 Response to Motion, *With Supporting Memorandum* filed by Masoud Shakoori–Naminy. (Ennis, John) (Entered: |

| | | 03/30/2022) |
|---|---|---|
| 03/31/2022 | 65 | MOTION for Leave to File Document filed by U.S. Bank N.A.. **Responses due by 4/14/2022.** (Attachments: # 1 Exhibit A – Proposed Sur–Reply Response)(Bodurtha, Samuel) (Entered: 03/31/2022) |
| 03/31/2022 | | NOTICE of Hearing: Chambers Conference set for 3/31/2022 at 3:30 PM by Zoom before District Judge William E. Smith. Zoom access information has been sent to counsel by email. (Urizandi, Nissheneyra) (Entered: 03/31/2022) |
| 03/31/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: Chambers Conference held on 3/31/2022. Samuel Bodurtha and John Ennis participated. (Zoom at 3:30 p.m.) (Urizandi, Nissheneyra) (Entered: 04/04/2022) |
| 04/02/2022 | 66 | Emergency MOTION for an Extension of Time to File *Proposed Findings of Fact and Conclusions of law to April 4, 2022 at 3:00 PM* filed by Masoud Shakoori–Naminy. **Responses due by 4/18/2022.** (Ennis, John) (Entered: 04/02/2022) |
| 04/02/2022 | 67 | RESPONSE In Opposition to 66 Emergency MOTION for an Extension of Time to File *Proposed Findings of Fact and Conclusions of law to April 4, 2022 at 3:00 PM* filed by U.S. Bank N.A.. **Replies due by 4/11/2022.** (Bodurtha, Samuel) (Entered: 04/02/2022) |
| 04/03/2022 | | TEXT ORDER granting 66 Emergency Motion for an Extension of Time; granting nunc pro tunc 63 Motion for an Extension of Time to File; granting 65 Motion for Leave to File Document. NO FURTHER EXTENSIONS WILL BE GRANTED. Plaintiff will be provided any appropriate accommodations as a result of the last minute extensions, but trial will proceed as previously scheduled. So Ordered by District Judge William E. Smith on 4/3/2022. (Urizandi, Nissheneyra) (Entered: 04/03/2022) |
| 04/03/2022 | | NOTICE of Hearing: Part One of Bench Trial set for 4/5/2022 at 9:30 AM in Courtroom 3 before District Judge William E. Smith. **Please arrive 20 minutes early for COVID–19 Rapid Testing.** (Urizandi, Nissheneyra) (Entered: 04/03/2022) |
| 04/03/2022 | 68 | Proposed Findings of Fact by Masoud Shakoori–Naminy. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 3A, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 5–A, # 8 Exhibit 5–B, # 9 Exhibit 5–C, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8)(Ennis, John) (Entered: 04/03/2022) |
| 04/03/2022 | 69 | Proposed Findings of Fact by Masoud Shakoori–Naminy.(Ennis, John) (Entered: 04/03/2022) |
| 04/05/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: Bench Trial held on 4/5/2022. Samuel Bodurtha and John Ennis present. Opening statements given by each side. One witness sworn and questioned; 20 exhibits admitted as full; 1 exhibit entered as ID only. The Court will schedule the second day of trial at a later date. Recess. (Court Reporter Lisa Schwam in Courtroom 3 at 9:35 a.m.) (Urizandi, Nissheneyra) (Entered: 04/06/2022) |
| 04/07/2022 | 70 | TRANSCRIPT ORDER for proceedings held on 4/5/2022 before Judge William E. Smith. 14–Day Transcript selected. Transcript to be delivered within 14 calendar days.. (Bodurtha, Samuel) (Entered: 04/07/2022) |

| 04/07/2022 | 71 | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 70 Transcript Order. Court Reporter/Transcriber: Lisa Schwam. (Dias, Jennifer) (Entered: 04/07/2022) |
|---|---|---|
| 04/12/2022 | | NOTICE of Hearing: Chambers Conference set for 4/13/2022 at 9:30 AM by Zoom before District Judge William E. Smith. Zoom access information will be sent to counsel by email. (Urizandi, Nissheneyra) (Entered: 04/12/2022) |
| 04/13/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: In Chambers Conference held on 4/13/2022. Participants: S. Bodurtha for the Plaintiff; J. Ennis for the Defendant. Bench trial to resume on Monday, April 18, 2022 at 9:30 AM. (Simoncelli, Michael) (Entered: 04/13/2022) |
| 04/13/2022 | | NOTICE of Hearing: 2nd Day of Bench Trial set for 4/18/2022 at 9:30 AM in Courtroom 1 before District Judge William E. Smith. Zoom access information for the witness who is testifying remotely will be sent to counsel by email. **The parties are reminded to arrive 20 minutes early to test for COVID–19.** (Urizandi, Nissheneyra) (Entered: 04/13/2022) |
| 04/18/2022 | 72 | Addendum re 57 MOTION in Limine *and for Discovery Sanctions*, 58 MOTION in Limine by Masoud Shakoori–Naminy. (Attachments: # 1 Exhibit Transcript of Deposition of Howard Handville)(Ennis, John) (Entered: 04/18/2022) |
| 04/18/2022 | | Minute Entry for proceedings held before District Judge William E. Smith: Bench Trial completed on 4/18/2022. Samuel Bodurtha and John Ennis present. The plaintiff resumes his presentation of the evidence. One witness is sworn and questioned by Zoom; Nine exhibits entered (3 or ID only, 6 admitted as full). Exhibit C entered for ID only on 4/5/2022 is admitted in full today. Plaintiff rests; Defendant rests. Supplemental trial briefs are due on or before 5/6/2022. (Court Reporter Lisa Schwam in Courtroom 1 at 9:45 a.m.) (Urizandi, Nissheneyra) (Entered: 04/19/2022) |
| 04/19/2022 | | TEXT ORDER: As discussed at the conclusion of trial on April 18, 2022, supplemental trial briefs are due on or before 5/6/2022. So Ordered by District Judge William E. Smith on 4/18/2022. (Urizandi, Nissheneyra) (Entered: 04/19/2022) |
| 04/19/2022 | 73 | TRANSCRIPT ORDER for proceedings held on 4/18/2022 before Judge William E. Smith. 14–Day Transcript selected. Transcript to be delivered within 14 calendar days.. (Bodurtha, Samuel) (Entered: 04/19/2022) |
| 04/19/2022 | 74 | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 73 Transcript Order. Court Reporter/Transcriber: Lisa Schwam. (Dias, Jennifer) (Entered: 04/19/2022) |
| 05/02/2022 | 75 | TRANSCRIPT of Bench trial held on 04/05/2022 before Judge Smith. Court Reporter/Transcriber Lisa Schwam, Telephone number 401–752–7128. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option.** Redaction Request due 5/23/2022. Redacted Transcript Deadline set for 6/2/2022. Release of Transcript Restriction set for 8/1/2022. (Schwam, Lisa) (Entered: 05/02/2022) |
| 05/02/2022 | 76 | TRANSCRIPT of Bench trial held on 04/18/2022 before Judge Smith. Court Reporter/Transcriber Lisa Schwam, Telephone number 401–752–7128. Transcript |

| | | may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option.** Redaction Request due 5/23/2022. Redacted Transcript Deadline set for 6/2/2022. Release of Transcript Restriction set for 8/1/2022. (Schwam, Lisa) (Entered: 05/02/2022) |
|---|---|---|
| 05/06/2022 | 77 | PLAINTIFF'S SUPPLEMENTAL TRIAL MEMORANDUM by U.S. Bank N.A.. (Attachments: # 1 Exhibit A – Trial Transcript)(Bodurtha, Samuel) (Entered: 05/06/2022) |
| 05/06/2022 | 78 | MOTION for an Extension of Time TO FILE POST TRIAL BRIEF TO MAY 10, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 5/20/2022.** (Ennis, John) (Entered: 05/06/2022) |
| 05/10/2022 | 79 | MOTION for an Extension of Time to file Post Trial Brief to May 16, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 5/24/2022.** (Ennis, John) (Entered: 05/10/2022) |
| 05/16/2022 | | TEXT ORDER granting nunc pro tunc 78 MOTION for an Extension of Time TO FILE POST TRIAL BRIEF TO MAY 10, 2022; granting 79 Motion for Extension of Time to May 16, 2022. So Ordered by District Judge William E. Smith on 5/16/2022. (Urizandi, Nissheneyra) (Entered: 05/16/2022) |
| 05/16/2022 | 80 | MOTION for an Extension of Time to File Post Trial Brief to May 23, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 5/31/2022.** (Ennis, John) (Entered: 05/16/2022) |
| 05/20/2022 | | TEXT ORDER granting 80 MOTION for an Extension of Time to File Post Trial Brief to May 23, 2022. So Ordered by District Judge William E. Smith on 5/20/2022. (Urizandi, Nissheneyra) (Entered: 05/20/2022) |
| 05/23/2022 | 81 | MOTION for an Extension of Time to File Post Trial Brief to May 30, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 6/6/2022.** (Ennis, John) (Entered: 05/23/2022) |
| 05/26/2022 | | TEXT ORDER granting 81 MOTION for an Extension of Time to File Post Trial Brief to May 30, 2022. So Ordered by District Judge William E. Smith on 5/26/2022. (Urizandi, Nissheneyra) (Entered: 05/26/2022) |
| 06/02/2022 | | TEXT ORDER: A review of the roll of attorneys admitted to practice before this Court indicates that Attorney Jamal D. Burk failed to renew his bar membership in accordance with LR Gen 203(c). Accordingly, he may no longer represent U.S. Bank N.A. in this action and his appearance is withdrawn absent reinstatement in accordance with LR Gen 215.. So Ordered by District Judge William E. Smith on 6/2/2022. (DaCruz, Kayla) (Entered: 06/02/2022) |
| 06/09/2022 | 82 | MOTION for an Extension of Time to file Post Trial Brief to June 20, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 6/23/2022.** (Ennis, John) (Entered: 06/09/2022) |
| 06/10/2022 | | TEXT ORDER denying 82 MOTION for an Extension of Time to file Post Trial Brief to June 20, 2022. So Ordered by District Judge William E. Smith on 6/10/2022. |

| | | |
|---|---|---|
| | | (Urizandi, Nissheneyra) (Entered: 06/10/2022) |
| 06/10/2022 | | TEXT ORDER vacating the previously entered order denying 82 MOTION for an Extension of Time to file Post Trial Brief to June 20, 2022. The Defendant's request is GRANTED. Post–trial brief is due on June 20, 2022. So Ordered by District Judge William E. Smith on 6/10/2022. (Urizandi, Nissheneyra) (Entered: 06/10/2022) |
| 06/16/2022 | 83 | Exhibit/Witness List.(Urizandi, Nissheneyra) (Entered: 06/16/2022) |
| 06/20/2022 | 84 | MOTION for an Extension of Time To file Post Trial Brief to July 3, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 7/5/2022.** (Ennis, John) (Entered: 06/20/2022) |
| 07/01/2022 | | TEXT ORDER granting 84 MOTION for an Extension of Time To file Post Trial Brief to July 3, 2022. The Court is Disinclined to Grant a Further Extension of this Deadline. So Ordered by District Judge William E. Smith on 7/1/2022. (Urizandi, Nissheneyra) (Entered: 07/01/2022) |
| 07/03/2022 | 85 | MOTION for an Extension of Time To file Post Trial Brief to July 8, 2022 filed by Masoud Shakoori–Naminy. **Responses due by 7/18/2022.** (Ennis, John) (Entered: 07/03/2022) |
| 07/05/2022 | 86 | RESPONSE In Opposition to 85 MOTION for an Extension of Time To file Post Trial Brief to July 8, 2022 filed by U.S. Bank N.A.. **Replies due by 7/12/2022.** (Bodurtha, Samuel) (Entered: 07/05/2022) |
| 07/05/2022 | | TEXT ORDER granting 85 MOTION for an Extension of Time To file Post Trial Brief to July 8, 2022. **NO FURTHER EXTENSIONS OF THIS DEADLINE WILL BE GRANTED.** So Ordered by District Judge William E. Smith on 7/5/2022. (Urizandi, Nissheneyra) (Entered: 07/05/2022) |
| 07/08/2022 | 87 | TRIAL BRIEF by Masoud Shakoori–Naminy. (Attachments: # 1 Exhibit Transcript, # 2 Exhibit Request for Admissions)(Ennis, John) (Entered: 07/08/2022) |
| 08/29/2022 | | TEXT ORDER denying as moot 51 Motion in Limine to Exclude Documents to Void Assignments for Lack of Relevancy. Plaintiff's Motion relates to documents it says Defendant would have sought to introduce at trial to argue that the mortgage assignments were void. Pl.'s Mem. Supp. Pl.'s Mot. in Limine to Exclude Documents to Void Assignments for Lack of Relevancy 2, ECF No. 52. The mortgage assignments were not introduced at trial, and Defendant did not seek to introduce the challenged evidence. Therefore, Plaintiff's Motion is DENIED as MOOT. So Ordered by District Judge William E. Smith on 8/29/2022. (Simoncelli, Michael) (Entered: 08/29/2022) |
| 11/16/2022 | 88 | FINDINGS OF FACT AND CONCLUSIONS OF LAW: Plaintiff is entitled to equitable assignment of the mortgage. Defendant's Motion in Limine and Motion for Default Judgment and Sanctions, ECF No. 57 , is GRANTED IN PART and DENIED IN PART, and Defendant's Motion in Limine, ECF No. 58 , is DENIED. Finally, Plaintiff's request for attorneys' fees is DENIED. So Ordered by District Judge William E. Smith on 11/16/2022. (Urizandi, Nissheneyra) (Entered: 11/16/2022) |
| 11/16/2022 | 89 | JUDGMENT in favor of U.S. Bank N.A. against Sand Canyon Corporation, Brenda Shakoori–Naminy, Masoud Shakoori–Naminy. So Ordered by District Judge William E. Smith on 11/16/2022. (Urizandi, Nissheneyra) (Main Document 89 replaced on 11/16/2022) (Urizandi, Nissheneyra). (Entered: 11/16/2022) |

| 12/14/2022 | 90 | MOTION to Alter Judgment *and for New Trial* filed by Masoud Shakoori—Naminy. **Responses due by 12/28/2022.** (Attachments: # 1 Supporting Memorandum Memorandum, # 2 Affidavit Declaration of John B. Ennis, # 3 Affidavit Haggarty Affidavit in KC–2022–402, # 4 Exhibit Option One Note, # 5 Exhibit Option One Paper, # 6 Exhibit Shapoval Transcript, # 7 Exhibit Shskoori Trial Transcript, # 8 Exhibit Findings of Fact and Order, # 9 Exhibit Judgment)(Ennis, John) (Entered: 12/14/2022) |
|---|---|---|
| 12/21/2022 | 91 | Assented MOTION for an Extension of Time to Respond to Motion for a New Trial and to Alter and Amend the Judgment filed by U.S. Bank N.A.. **Responses due by 1/4/2023.** (Bodurtha, Samuel) (Entered: 12/21/2022) |
| 12/29/2022 | 92 | MOTION to withdraw attorney , MOTION for an Extension of Time to File Response/Reply re: 90 filed by Brenda Shakoori—Naminy. **Responses due by 1/12/2023.** (Kenny, Meghan) (Entered: 12/29/2022) |
| 12/30/2022 | | TEXT ORDER granting 91 Assented MOTION for an Extension of Time to Respond to Motion for a New Trial and to Alter and Amend the Judgment . **Responses due by 1/27/2023.** So Ordered by District Judge William E. Smith on 12/30/2022. (Urizandi, Nissheneyra) (Entered: 12/30/2022) |
| 12/30/2022 | 93 | NOTICE of Appearance by Jessica Goldberg on behalf of U.S. Bank N.A. (Goldberg, Jessica) (Entered: 12/30/2022) |
| 01/17/2023 | | TEXT ORDER granting 92 MOTION to withdraw attorney; MOTION for an Extension of Time to File Response/Reply. **Responses due by 3/28/2023.** So Ordered by District Judge William E. Smith on 1/17/2023. (Urizandi, Nissheneyra) (Entered: 01/17/2023) |
| 01/27/2023 | 94 | RESPONSE In Opposition to 90 MOTION to Alter Judgment *and for New Trial* filed by U.S. Bank N.A.. **Replies due by 2/3/2023.** (Bodurtha, Samuel) (Entered: 01/27/2023) |
| 01/27/2023 | 95 | MEMORANDUM IN SUPPORT by U.S. Bank N.A. in support of 94 Response to Motion *for a New Trial and to Alter and Amend the Judgment.* (Bodurtha, Samuel) (Entered: 01/27/2023) |
| 02/03/2023 | 96 | MOTION for an Extension of Time to File Response/Reply as to 94 Response to Motion filed by Brenda Shakoori—Naminy. **Responses due by 2/17/2023.** (Kenny, Meghan) (Entered: 02/03/2023) |
| 02/03/2023 | 97 | Assented MOTION for an Extension of Time to File Response/Reply as to 94 Response to Motion filed by Masoud Shakoori—Naminy. **Responses due by 2/17/2023.** (Ennis, John) (Entered: 02/03/2023) |
| 02/03/2023 | 98 | MOTION for Leave to Proceed as Pro Se Electronic Filer filed by Brenda Shakoori—Naminy. (Kenny, Meghan) (Entered: 02/03/2023) |
| 02/10/2023 | | TEXT ORDER granting 97 Assented MOTION for an Extension of Time to File Reply as to 94 Response to Motion re 90 MOTION to Alter Judgment *and for New Trial.* **Replies due by 2/17/2023.** So Ordered by District Judge William E. Smith on 2/10/2023. (Urizandi, Nissheneyra) (Entered: 02/10/2023) |
| 02/10/2023 | | TEXT ORDER granting 96 Motion for Extension of Time to Hire New Counsel until 3/28/2023. So Ordered by District Judge William E. Smith on 2/10/2023. (Urizandi, Nissheneyra) (Entered: 02/10/2023) |

| 02/17/2023 | | TEXT ORDER granting 98 Motion for Leave to Proceed as Pro Se Electronic Filer. So Ordered by District Judge William E. Smith on 2/17/2023. (Urizandi, Nissheneyra) (Entered: 02/17/2023) |
|---|---|---|
| 02/18/2023 | 99 | Assented MOTION for an Extension of Time to File Response/Reply as to 95 Memorandum in Support, Order on Motion for Extension of Time to File Response/Reply, *to March 3, 2023* filed by Masoud Shakoori–Naminy. **Responses due by 3/6/2023.** (Ennis, John) (Entered: 02/18/2023) |
| 02/21/2023 | | TEXT ORDER granting 99 Assented MOTION for an Extension of Time to File Reply as to 95 Memorandum in Support. **Replies due by 2/3/2023.** So Ordered by District Judge William E. Smith on 2/21/2023. (Urizandi, Nissheneyra) (Entered: 02/21/2023) |
| 03/03/2023 | 100 | MOTION for an Extension of Time to File Response/Reply as to 94 Response to Motion *to March 7, 2023* filed by Masoud Shakoori–Naminy. **Responses due by 3/17/2023.** (Ennis, John) (Entered: 03/03/2023) |
| 03/03/2023 | | TEXT ORDER granting 100 MOTION for an Extension of Time to File Response/Reply as to 94 Response to Motion *to March 7, 2023.* **Replies due by 3/7/2023.** So Ordered by District Judge William E. Smith on 3/3/2023. (Urizandi, Nissheneyra) (Entered: 03/03/2023) |
| 03/07/2023 | 101 | REPLY to Response re 94 Response to Motion filed by Masoud Shakoori–Naminy. (Ennis, John) (Entered: 03/07/2023) |
| 03/29/2023 | 102 | First MOTION to Alter Judgment 89, First MOTION for New Trial *102* filed by Brenda Shakoori–Naminy. **Responses due by 4/12/2023.** (Attachments: # 1 Exhibit Exhibit D–1, # 2 Exhibit Exhibit D–2, # 3 Exhibit Exhibit D–3, # 4 Exhibit Exhibit D–4, # 5 Exhibit Exhibit D–5, # 6 Exhibit Exhibit D–6, # 7 Exhibit Exhibit D–7, # 8 Exhibit Exhibit D–8)(Shakoori–Naminy, Brenda) (Entered: 03/29/2023) |
| 04/10/2023 | 103 | RESPONSE In Opposition to 102 First MOTION to Alter Judgment 89First MOTION for New Trial *102* filed by U.S. Bank N.A.. **Replies due by 4/17/2023.** (Bodurtha, Samuel) (Entered: 04/10/2023) |
| 05/03/2023 | 104 | MEMORANDUM AND ORDER denying 90 Motion to Alter Judgment; denying 102 Motion to Alter Judgment; denying 102 Motion for New Trial. So Ordered by District Judge William E. Smith on 5/3/2023. (Urizandi, Nissheneyra) (Entered: 05/03/2023) |
| 05/27/2023 | 105 | NOTICE OF APPEAL by Masoud Shakoori–Naminy as to 88 Order on Motion in Limine,,, 89 Judgment, 104 Order on Motion to Alter Judgment,, Order on Motion for New Trial ( filing fee paid $ 505.00, receipt number ARIDC–1876179 )<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 6/5/2023. (Ennis, John) (Entered: 05/27/2023) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

US Bank N.A. as Trustee
_____

　　　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　Case No. **17-cv-394**
　　　　　　　　　　　　　　　　　　　　　　　_____

Masoud Shakoori-Naminy et al
_____

　　　　　　　Defendant

### NOTICE OF APPEAL

Notice is hereby given that **Masoud Shakoori-Naminy**,
　　　　　　　　　　　　　　　　　　　　　Name

the **Defendant** in the above-referenced matter, hereby appeals to the United States
　　　Party Type

Court of Appeals for the First Circuit from the:

■ Final judgment entered on **11-16-2022**.
　　　　　　　　　　　　　　Date of Judgment

　　　　　　　　　　　　and/or

■ The order **Denial of Motion to Alter Judgment and for New Trial** entered on **05-03-2023**
　　　　　　Description of Order　　　　　　　　　　　　　　　Date of Order

**John B. Ennis**　　　　　　Respectfully submitted,
Name　　　　　　　　　　　　/s/ John B. Ennis
**2135**　　　　　　　　　　　Signature
Bar Number　　　　　　　　　**May 27, 2023**
**John B. Ennis, Esq.**　　　　Date
Firm/Agency　　　　　　　　　**(401)943-9230**
1200 Reservoir Avenue　　　　Telephone Number
Address　　　　　　　　　　　jbelaw75@gmail.com
**Cranston RI 02920**　　　　　Email Address
City/State/Zip Code

Reset Form　　　　　　Print Form　　　　　　Save Form

20

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| U.S. BANK N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11,<br><br>    Plaintiff,<br><br>  v.<br><br>MASOUD SHAKOORI-NAMINY a/k/a MASOUD SHAKOORI, BRENDA SHAKOORI-NAMINY, and SAND CANYON CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 17-394 WES<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WILLIAM E. SMITH, District Judge.

This matter came before the Court for a bench trial in April 2022. Plaintiff U.S. Bank N.A. asks the Court to find that it is the holder of Defendant Masoud Shakoori-Naminy's mortgage by equitable assignment so that it may pursue a foreclosure on Defendant's property in Exeter, Rhode Island. The trial, held over two days, featured testimony by Defendant himself, see Apr. 5 Tr. 33:16-17, and Plaintiff's witness Howard Handville, a senior loan analyst at Ocwen Financial Corporation, see Apr. 18 Tr. 2:20-24, 4:13-16.

21

Having considered the exhibits, witness testimony, and the parties' written submissions, the Court concludes that Plaintiff is entitled to equitable assignment of the mortgage. Furthermore, Defendant's Motion in Limine and Motion for Default Judgment and Sanctions, ECF No. 57, is GRANTED IN PART and DENIED IN PART, and Defendant's Motion in Limine, ECF No. 58, is DENIED.

I.   Findings of Fact[1]

A. Origination and Modification of Mortgage Loan

On December 26, 2000, Defendant purchased property located at 1541 Ten Rod Road in Exeter, Rhode Island ("the property"). PXA. On November 5, 2001, he obtained a loan from Finance America, LLC, in the amount of $243,750, secured by a mortgage on the property. PXB; Apr. 5 Tr. 35:3-37:19.

On July 16, 2003, Defendant obtained a $315,400 loan ("the loan") from Option One Mortgage Corporation ("Option One") and executed an Adjustable Rate Note ("the note") payable to Option One on the same day. PXC; Apr. 5 Tr. 39:1-7, 47:15-16, 48:24-49:25. Defendant's initials appear on the first two pages of the note, and his signature appears on the third page. PXC; Apr. 5 Tr. 40:3-17. Attached to the note is an allonge[2] also dated July

---

[1] Some facts not presented in this section are reserved for later discussion and incorporated as additional findings of fact.

[2] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further

2

16, 2003, that contains an indorsement in blank[3] signed by Mary Conway, Assistant Secretary of Option One. PXC. Neither Defendant's initials nor his signature appear on the allonge, and he testified that the allonge was not attached to the note when he signed it. Id.; Apr. 5 Tr. 46:10-16.

Defendant also executed a mortgage ("the mortgage") on the property to secure the loan. PXD; Apr. 5 Tr. 49:20-24. Option One was the holder of the mortgage, and the mortgage was recorded in the Town of Exeter Land Evidence Records. PXD; Apr. 5 Tr. 39:1-4.

From the proceeds of the loan, $248,054.40 was paid to Finance America, LLC, extinguishing Defendant's liability on his earlier mortgage loan. PXE; PXF; Apr. 5 Tr. 50:11-19. The remaining balance, $53,602.25, was paid to Defendant. PXE; Apr. 5 Tr. 50:20-22, 52:3-5.

In December 2008, after defaulting on the loan, Defendant entered into a modification agreement with American Home Mortgage

---

indorsements when the original paper is filled with indorsements." Note Cap. Grp., Inc. v. Perretta, 207 A.3d 998, 1000 n.4 (R.I. 2019) (quoting Black's Law Dictionary 92 (10th ed. 2014)).

[3] "An [i]ndorsement in blank is one that does not identify a person to whom it makes the instrument payable. When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Mruk v. Mortg. Elec. Reg. Sys., Inc., 82 A.3d 527, 530 n.3 (R.I. 2013) (internal citations and quotations omitted).

3

Servicing, Inc. ("AHMSI"), which was the servicer for the loan at the time.   PXQ; Apr. 5 Tr. 56:12-17, 59:3-9.   Following the modification, Defendant resumed making payments to AHMSI for an unknown amount of time, but, as of the time of this trial, had not made any mortgage payments in over ten years.   Apr. 5 Tr. 63:18-22, 65:14-16.

B. Defendant's Bankruptcy

Between 2008 and 2015, Defendant filed three bankruptcy petitions in the United States Bankruptcy Court for the District of Rhode Island ("Bankruptcy Court").[4]   PXO; PXT; PXU; PXBB.   On December 31, 2015, in connection with his third petition, the Bankruptcy Court issued a Chapter 7 discharge of all debts.   PXDD; see Apr. 5 Tr. 104:14-19.

II.   Conclusions of Law

A. Equitable Assignment of Mortgage

"In Rhode Island, upon default in the performance of the mortgage, a mortgagee may conduct a foreclosure sale of the property by exercising the statutory power of sale contained in [R.I. Gen. Laws] § 34-11-22, so long as the mortgage contract itself gives the mortgagee the power to do so." Woel v. Christiana

---

[4] On the second petition, Defendant listed LaSalle Bank as a creditor, PXT, PXU, and on the third petition, he listed Ocwen Mortgage Company as a creditor, PXBB, both entities associated with the mortgage.

4

24

Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17, 228 A.3d 339, 344-45 (R.I. 2020). The parties do not dispute that Defendant's mortgage gives the mortgagee the power to foreclose. See PXD at 1. However, under the terms of the mortgage, this power is granted only to the lender, in this case Option One, and its "successors and assigns." Id. at ¶ 12. Therefore, to have the authority to conduct a foreclosure sale, Plaintiff must establish that it is either a successor or assignee of the original mortgagee through a valid chain of transfers or assignments of the mortgage, or that it is entitled to equitable assignment of the mortgage. Plaintiff pursues only the latter option and asks the Court to find that it is the holder of Defendant's mortgage by equitable

assignment.[5, 6]

### 1. Possession of Note

"[W]here a note has been assigned but there is no written

---

[5] In its Amended Complaint, Plaintiff asked the Court to find that it is entitled to equitable assignment of the mortgage nunc pro tunc as of either October 1, 2003, when the mortgage was purportedly securitized and deposited into trust, December 15, 2008, when AHMSI attempted to assign the mortgage to LaSalle Bank, or February 22, 2013, when LaSalle Bank attempted to assign the mortgage to Plaintiff as Trustee. Am. Compl. ¶ 77, ECF No. 26. Plaintiff has presented no evidence that it was the holder of the note on any of these dates. "Because U.S. Bank fails to cite authority in support of its position and provides no explanation for its request, the [C]ourt sees no reason . . . to allow the . . . equitable assignment nunc pro tunc." U.S. Bank Tr. N.A. v. Bedard, No. 18-cv-30033-MGM, 2018 WL 6682836 at *2 n.2 (D. Mass. Dec. 4, 2018), adopted 2018 WL 6682769 (D. Mass. Dec. 19, 2018).

[6] Although Plaintiff does not ask the Court to find that it is the holder of the mortgage on the basis of title, Plaintiff nonetheless presented numerous exhibits at trial, including assignment agreements (PXG and PXH), trust documents (PXI and PXM), and a loan schedule (PXK) in an attempt to demonstrate that it "is the current holder of the mortgage loan" by virtue of its position as trustee of the trust into which the mortgage has been deposited. Apr. 5 Tr. 4:6-10. In a claim for equitable assignment of a mortgage, a plaintiff need only prove that it is the holder of the note and entitled to enforce it; if a plaintiff is able to prove that it is the holder of the mortgage, there is no need for an equitable assignment. See discussion infra.
Even if these exhibits were relevant, they are not helpful to Plaintiff's case. Although the assignment agreements evidence assignments between various entities that purportedly held the mortgage, the exhibits do not show that the original mortgagee, Option One, ever assigned the mortgage to any other entity. "Thus, based on the documents submitted . . . Option One, not U.S. Bank, [is] the mortgage holder." U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 52 (Mass. 2011) (concluding that because of gap in chain of assignments, plaintiff failed to establish that it held mortgage).
Defendant filed two Motions in Limine challenging the admission of these exhibits on the grounds of voidness of the

6

assignment of the mortgage underlying the note, the assignment of the note does not carry with it the assignment of the mortgage." U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 54 (Mass. 2011).[7] Instead, the holder of a promissory note has an equitable right to obtain the assignment of the mortgage under the doctrine of equitable assignment.[8]  Id. at 54; see also Culhane v. Aurora Loan

---

assignments, Def.'s Mot. Lim. & Mot. Default J. 7-10, ECF No. 57, lack of authentication, Def.'s Mot. Lim. 2-6, ECF No. 58, and hearsay, id. at 6, and he renewed these objections at trial. Apr. 18 Tr. 68:5-18, 77:18-19. Because the exhibits are ultimately irrelevant to the outcome of this case, Defendant's Motions in Limine, ECF Nos. 57 and 58, insofar as they concern Exhibits G, H, I, K, and M, are DENIED as MOOT.

Plaintiff also introduced evidence concerning Defendant's three bankruptcy petitions, asserting that because he listed LaSalle Bank and Ocwen Mortgage Company as creditors, this evidence "demonstrate[s] that Mr. Shakoori himself . . . has acknowledged and admitted" that these entities were the holder or servicer of the mortgage when the petitions were filed.  Apr. 5 Tr. 8:13-9:5. Because the holder of the mortgage is irrelevant in a claim for equitable assignment, this evidence is similarly unhelpful.

[7] The Rhode Island Supreme Court has cited to and relied upon the Massachusetts Supreme Judicial Court's ("SJC") decision in Ibanez specifically, see, e.g., Pimental v. Deutsche Bank National Trust Co., 174 A.3d 740, 744 (R.I. 2017), and on SJC cases more broadly concerning mortgage and foreclosure disputes, see Woel v. Christiana Trust, 228 A.3d 339, 346-47 (R.I. 2020) (relying on Pinti v. Emigrant Mortgage Co., 33 N.E.3d 1213 (Mass. 2015), as "instructive" on foreclosure issue); Bucci v. Lehman Bros. Bank, FSB, 68 A.3d 1069, 1085 (R.I. 2013) (relying on Eaton v. Fed. National Mortgage Ass'n, 969 N.E.2d 1118 (Mass. 2012), regarding right to foreclose).  Following that practice, the Court likewise relies on Ibanez for guidance on equitable assignment.

[8] If the holder of the note does not obtain an equitable assignment of the mortgage from a court (or a valid written assignment), the "the mortgage holder remains unchanged" and the

7

Servs. of Neb., 708 F.3d 282, 292 (1st Cir. 2013) (when mortgage and note are held by separate entities, "[t]he noteholder possesses an equitable right to demand and obtain an assignment of the mortgage.  This makes perfect sense:  if the debtor-mortgagor defaults, the noteholder needs to control the mortgage in order to enforce its bargained-for security interest and collect the debt." (internal citation omitted)).  The party seeking equitable assignment of the mortgage must file an action in court for an equitable order of assignment.  Ibanez, 941 N.E.2d at 53.  The party must also be entitled to enforce the note under the Uniform Commercial Code.  See R.I. Gen. Laws § 6A-3-301 (2000).  To demonstrate such an entitlement, the party must prove that they are either (i) the holder of the note, (ii) a non-holder of the note but nonetheless in possession, or (iii) a person or entity not in possession of the note but nonetheless entitled to enforce it.  Id.  See Lister v. Bank of Am., N.A., 8 F. Supp. 3d 74, 80 (D.R.I. 2014) ("[M]ere possession of the note may entitle that person to enforce the terms and conditions contained within the note" under § 6A-3-301.).

At trial, Plaintiff presented evidence demonstrating that it is the holder of the note.  Specifically, it presented the original

---

mortgagee "holds the mortgage in trust for the purchaser of the note."  Ibanez, 941 N.E.2d at 54.

be negotiated by transfer of possession alone." Id.  See Mruk v. Mortg. Elec. Reg. Sys., Inc., 82 A.3d 527, 530 n.3 (R.I. 2013). Therefore, the entity that holds a note that has been indorsed in blank has the right to enforce the note.

The signature need not be on the instrument itself for the indorsement to be effective.  Under Rhode Island law, "[f]or the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." R.I. Gen. Laws § 6A-3-204(a). This affixed paper is known as an "allonge."  See Note Cap. Grp. V. Perretta, 207 A.3d 998, 1000 n.4 (R.I. 2019) (quoting Black's Law Dictionary 92 (10th ed. 2014)); see also supra at note 2.

Defendant asserts two arguments for the invalidity of the note:  first, that the allonge containing the indorsement in blank was not affixed to the note at the time of signing, see Apr. 5 Tr. 19:9-20:16, and second, that the indorsement occurred before the three-day right of rescission passed and is therefore void or voidable, see Apr. 5 Tr. 21:12-24:3.  Neither argument is availing.[9]

Relying on the definition of "allonge" provided by the Rhode

---

[9] A third argument asserted by Defendant is that Mary Conway, whose signature appears on the allonge, was an employee of Option One in its Tampa, Florida office and was not in Rhode Island on the day that the note and allonge were purportedly signed.  See

10

Island Supreme Court in Perretta, Defendant asserts that the
allonge must be affixed to the note before the signature is placed
on the allonge. See Apr. 5 Tr. 20:2-5. The sole evidence presented
at trial as to whether the allonge was affixed to the note, other
than the note itself with the allonge attached, was Defendant's
testimony. Defendant stated that he had never seen the allonge to
the note, and that he did not see the allonge when he signed the
note. Apr. 5 Tr. 46:10-18.

"The Court's independent research identifies no [Rhode
Island] or [First] Circuit authority establishing the method of
attachment necessary to create an effective [i]ndorsement" by
allonge, Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd.
Holdings, LLC, 717 F. Supp. 2d 724, 734 (E.D. Mich. 2010), and
identifies no authority establishing when the allonge must be
attached to the note to create an effective indorsement.
Regardless, even if the allonge was not physically attached to the
note at or soon after execution, courts faced with similar
questions have held that so long as "information on [the] allonge
indicates an intent to serve as an [i]ndorsement of the . . .
note," the indorsement is effective. Kohler v. U.S. Bank Nat.
Ass'n, No. 11-C-0893, 2013 WL 3179557 at *5 (E.D. Wis. June 21,

---

Apr. 5 Tr. 20:22-21:7. Defendant presented no evidence to support
this argument, so the Court rejects it.

2013).  Where "the allonge[] presented to the Court w[as] attached to the [n]ote" and where the allonge makes unambiguous reference to the note, "given the clear intent that the [n]ote and [a]llonges were to be physically attached, the evidence is insufficient to invalidate the [i]ndorsement[]."  Livonia Prop. Holdings, 717 F. Supp. 2d at 734 (applying Michigan statute identical in relevant part to R.I. Gen. Laws § 6A-3-204(a)).

Here, the allonge was attached to the original note that was presented to the Court, and the allonge references the note by listing the borrower's name, loan number, property address, loan amount, note date, and servicing number.  See PXC.  Therefore, the evidence presented by Plaintiff is sufficient to validate the indorsement.[10]

Defendant also asserts that the note is void or voidable because the indorsement occurred before the conclusion of the

---

[10] The legislative history of Rhode Island's statute supports this conclusion.  The final sentence of R.I. Gen. Laws § 6A-3-204(a), stating that "a paper affixed to the instrument is part of the instrument," was added to the statute in 2000, see P.L. 2000, ch. 238, § 3, and was "based on subsection (2) of former Section 3-202."  R.I. Gen. Laws § 6A-3-204(a), cmt. 1.   Prior to the amendment, § 3-202 mandated that "[a]n indorsement must be written . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof."  R.I. Gen. Laws § 6A-3-202 (1999).  "The change in language suggests an intent to expand, rather than restrict, the use of allonges."  Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 717 F. Supp. 2d 724, 734 n.10 (E.D. Mich. 2010).

12

32

three-day rescission period. See Apr. 5 Tr. 21:12-24:9. The Truth in Lending Act, 15 U.S.C. § 1601 et seq., provides a right of rescission for a consumer entering into "any consumer credit transaction. . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of" the consumer. 15 U.S.C. § 1635(a). The consumer "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." Id. "When an obligor exercises his right to rescind . . . any security interest given by the obligor . . . becomes void." Id. § 1635(b). Defendant contends that because the allonge, dated July 16, 2003, was executed on the same day as the note, also dated July 16, 2003, the indorsement on the allonge could not be effective because the loan was not funded until the rescission period expired and, thus, there was no consideration for the note. See Apr. 5 Tr. 21:12-24:9.

Defendant's argument reflects a fundamental misunderstanding of a right of rescission. A right of rescission does not prevent a contract from forming until the expiration of the rescission period. Rather, it gives a party to the contract the ability to unmake the contract within the specified timeframe and return to the status quo ante. See In re Sheedy, 801 F.3d 12, 21 (1st Cir. 2015) (rescission "is the 'unmaking' or 'voidance' of a contract");

13

33

McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 421 (1st Cir. 2007) ("Rescission essentially restores the status quo ante; the creditor terminates its security interest and returns any monies paid by the debtor in exchange for the latter's return of all disbursed funds or property interests."). In addition, Defendant has presented no evidence to support his assertion that the loan was not funded until the expiration of the rescission period and that there was no consideration for the note on the day it was signed. Therefore, because the three-day right of rescission did not prevent the contract from being formed or the loan from being funded, it is not a basis on which to invalidate the indorsement.

### 3. Equitable Factors

The final inquiry as to whether Plaintiff is entitled to equitable assignment of the mortgage is balancing the equitable factors. The determination of whether to grant equitable relief rests within the discretion of the trial judge. Ruggieri v. City of East Providence, 593 A.2d 55, 57 (R.I. 1991). A trial judge's determination should be guided by "basic principles of equity and justice," should balance the equities by "weighing hardships to either side," and should only grant relief in the absence of an adequate legal remedy. Chavers v. Fleet Bank (RI), N.A., 844 A.2d

14

34

666, 679 (R.I. 2004).

The decision to grant equitable assignment of the mortgage to Plaintiff does not result in unfair hardship to Defendant. Defendant has lived on the property without making payments on his mortgage for at least ten years. Apr. 5 Tr. 65:14-16. The Court "echo[s] the First Circuit's language to describe the necessary outcome in this situation: 'the piper must be paid.'" Pimentel v. Deutsche Bank Nat'l Tr. Co., 174 A.3d 740, 745-46 (R.I. 2017) (quoting Summers v. Fin. Freedom Acquisition LLC, 807 F.3d 351, 353 (1st Cir. 2015)). In addition, because Plaintiff is unable to demonstrate that it is the holder of the mortgage by chain of title, see supra at note 6, there is no adequate legal remedy. See Chavers, 844 A.2d at 679. Therefore, because Plaintiff is the holder of the note, the indorsement on the note is effective, equitable assignment of the mortgage to Plaintiff will result in no unfairness to Defendant, and there is no adequate legal remedy, Plaintiff is entitled to equitable assignment of the mortgage.[11]

B. Defendant's Motions in Limine

The Court next addresses the remaining issues in Defendant's

---

[11] Although the equitable assignment of the mortgage to Plaintiff will enable it to foreclose on the property, Defendant is not personally liable for the outstanding balance of the loan because his debt was discharged after his third bankruptcy petition. See PXDD.

15

35

Motions in Limine.[12]  Defendant's first motion seeks to preclude Plaintiff from asserting certain arguments that contradict statements in Defendant's request for admissions; Defendant contends that these statements should be deemed admitted because Plaintiff failed to timely respond to the request for admissions. Def.'s Mot. Lim. & Mot. Default J. ("Def.'s First Mot. Lim.") 3, 10, ECF No. 57.  The motion also requests sanctions against Plaintiff for failing to timely respond and providing deficient answers to interrogatories.  Id. at 15-28.  Defendant's second motion seeks to preclude the admission of certain of Plaintiff's exhibits on the grounds of lack of authentication, hearsay, and inaccuracy.  Def.'s Mot. Lim. ("Def.'s Second Mot. Lim") 2, 6, ECF No. 58.[13]

    1. Request for Admissions

    Defendant asserts that his request for admissions were transmitted to Plaintiff's counsel on May 19, 2018, and that because the request was not responded to within the thirty days

---

[12] See supra at note 6 regarding the disposition of the other issues in Defendant's motions in limine.

[13] The motions challenge thirteen exhibits in total.  Six of these exhibits (exhibits J, L, EE, FF, GG, and HH) were not introduced by Plaintiff at trial.  Insofar as Defendant's motions challenge these exhibits, they are DENIED as MOOT.  In addition, while both motions list the note (PXC) as an exhibit that should be excluded, neither make an argument as to why.  Therefore, insofar as the motions concern this exhibit, they are DENIED.

16

allotted under Rule 36(a) of the Federal Rules of Civil Procedure, all statements contained therein should be deemed admitted. Def.'s First Mot. Lim 3. Plaintiff does not dispute that it failed to timely respond to Defendant's request for admission but asserts that any delay in the responses stemmed from a good faith and extended effort to settle the case. See Pl.'s Resp. Def.'s Mot. Lim. ("Pl.'s First Resp.") 2, ECF No. 60.

"Under Federal Rule of Civil Procedure 36(a), after a party serves a written request for admission, '[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . .'" Foss v. Marvic Inc., 994 F.3d 57, 63 (1st Cir. 2021) (quoting Fed. R. Civ. P. 36(a)). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "District courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Rule 36." Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 876 (1st Cir. 1990). Here, however, Plaintiff has not moved to withdraw the admissions. Therefore, insofar as Defendant's First Motion in Limine requests that these statements be admitted, the motion is GRANTED.

However, the statements have little effect on the case. Of

17

37

the forty-five admitted statements, forty-one pertain to the mortgage, assignments of the mortgage, and the trust in which the mortgage is purportedly held. Because the assignments of the mortgage are irrelevant in a claim for equitable assignment, their admission does not materially affect the outcome of this case.

The four remaining statements pertain to the note:

1. On December 15, 2008, Option One was not owed any indebtedness under the Defendant's note.
2. On December 15, 2008, Option One did not own Defendant's note.
. . .
25. On December 15, 2008 Sand Canyon did not own Defendant's note.
. . .
29. La Salle Bank as Trustee never purchased Defendant's note from Sand Canyon at any time.

Def.'s First Mot. Lim. 3-5. However, these statements also do not materially affect the outcome of this case. In order to establish ownership of the note, a party is not required to demonstrate the chain of title to the note; it need only show that it holds the note and is entitled to enforce it, which Plaintiff has done here by presenting the original note that is indorsed in blank. See discussion supra. Therefore, whether any of the entities mentioned in these statements were owed debt on the note, owned the note, or transferred the note at any point prior to Plaintiff's possession of the note is inconsequential to Plaintiff's present ownership of

18

the note.

## 2. Discovery Sanctions

Defendant next asserts that sanctions in the form of dismissal or exclusion of evidence should be imposed against Plaintiff for its deficient discovery responses. See Def.'s First Mot. Lim. 15-28. Specifically, Defendant contends that Plaintiff failed to respond to Defendant's request for interrogatories for three years, id. at 13, and that when it did, the responses suffered from various deficiencies.[14] In addition, Defendant contends that Plaintiff failed to provide him with documents concerning the securitization of the mortgage, id. at 18-20, 26-27, 29-31, and that he was not provided with documents regarding the custodian or travel of the note and allonge, id. at 32-33.

Because the evidence that Defendant requests be excluded due to Plaintiff's deficient discovery responses was either not admitted, see supra at note 13, or was ultimately irrelevant to the equitable assignment claim, see supra at note 6, the Court considers only Defendant's request for dismissal of Plaintiff's

---

[14] These deficiencies include failure to identify persons with whom the answerer consulted, Def.'s First Mot. Lim. 15, answers that are inconsistent with the Complaint, id. at 16, 26-27, answers that are inconsistent with Plaintiff's proposed findings of fact, id. at 17-18, 26-28, answers that constitute vouching for fraudulent and void assignments, id. at 17, and deliberate refusal to provide information, id. at 19.

19

claim.  Rule 37 of the Federal Rules of Civil Procedure provides a mechanism for parties to move to compel discovery responses and also provides for sanctions if a party does not comply with a discovery order issued by the court or fails to provide answers to interrogatories.  Fed. R. Civ. P. 37(a), (b), (c), (d).  These sanctions can include dismissal of the case.  See Fed. R. Civ. P. 37(b)(2)(A)(v), (c)(1)(C), (d)(3); Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012).  "Dismissal . . . is a harsh sanction, which should be employed only when a plaintiff's misconduct has been extreme . . ." Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (citation omitted).  The First Circuit has "recognized a number of litigation behaviors that comprise 'extreme misconduct' warranting dismissal," in particular, "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, [and] contumacious conduct." Vazquez-Rijos v. Anhang, 654 F.3d 122, 127-28 (1st Cir. 2011) (quoting Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Plaintiff's conduct here does not constitute "extreme misconduct." Although Defendant alleges that Plaintiff failed to respond to interrogatories for three years, see Def.'s First Mot. Lim. 13, this delay does not constitute "protracted inaction." Rather, the delay is attributable to the parties' ongoing efforts

20

40

to settle the case.  In addition, Defendant has not demonstrated that Plaintiff disobeyed a court order, ignored warnings, or acted with disregard for authority.  See Vazquez-Rijos, 654 F.3d at 127-28 (failure to serve defendant for three years plus ignoring court orders and warnings warranted sanction of dismissal).  Therefore, dismissal is not an appropriate sanction in this case, and Defendant's motion, insofar as it requests dismissal, is DENIED.

### 3. Remaining Challenge to Evidence

All but one of the evidentiary issues raised by Defendant have been rendered moot, either because the exhibits he challenges are irrelevant to the issue of equitable assignment, see supra at note 6, or because Plaintiff did not introduce the exhibits at trial, see supra at note 13.  The remaining exhibit challenged by Defendant is the Loan Payment History of Defendant's loan.  See PXR.  Defendant argues that the Loan Payment History should not be admitted because it is inaccurate; the document consists of information from four loan servicers of Defendant's loan, and at least one servicer has admitted in other proceedings that its electronic system of record is not accurate.  Def.'s Second Mot. Lim. 9-10.

Plaintiff's introduction of this exhibit and Handville's accompanying testimony served primarily to establish that Defendant's loan has been in default since 2011 based on a failure

to make monthly mortgage payments. Apr. 18 Tr. 86:5-18. However, regardless of whether the Loan Payment History is accurate, Defendant admitted as much in his own testimony, stating that he had not made a payment on his mortgage loan in at least ten years and acknowledging that payments are still owed until August 1, 2033, the final payment date listed on the note. Apr. 5 Tr. 42:3-11, 65:14-16; PXC. Therefore, even declining to consider the Loan Payment History, the evidence is sufficient to establish that Defendant is in default on the loan, and Defendant's Motion in Limine, ECF No. 58, is DENIED insofar as it concerns Exhibit R.

C. Attorney's' Fees

Finally, Plaintiff argues that it is entitled to an award of attorneys' fees under the terms of the mortgage. Pl.'s Proposed Concl. Law ¶¶ 11-12, ECF No. 53.

Evaluating the clear and unambiguous terms of a contract is a question of law. Under Rhode Island law, a contract term "is ambiguous when it is reasonably and clearly susceptible to more than one rational interpretation." Woel, 228 A.3d at 345. In evaluating whether the contract language is ambiguous, courts "give words their plain, ordinary, and usual meaning." Id.

While Plaintiff is correct that the terms of the mortgage are unambiguous, it is incorrect about what the mortgage unambiguously says. Plaintiff asserts that the sixth paragraph of the mortgage

22

entitles it to an award of attorneys' fees.[15]  See Pl.'s Proposed

Concl. of L. 12.   The clause of paragraph six relevant to costs

and fees is applicable to three scenarios.   First, it dictates

that the borrower shall "appear in and defend any action or

proceeding purporting to affect the property or any portion thereof

---

[15] The relevant clause of paragraph six provides, in full:

> Borrower shall, at Borrower's own expense, appear
> in and defend any action or proceeding purporting to
> affect the property or any portion thereof or Borrower's
> title thereto, the validity or priority of the lien
> created by this Security Instrument, or the rights or
> powers of Lender with respect to this Security
> Instrument or the property.   All causes of action of
> Borrower, whether accrued before or after the date of
> this Security Instrument, for damage or injury to the
> Property or any part thereof, or in connection with any
> transaction financed in whole or in part by the proceeds
> of the Note or any other note secured by this Security
> Instrument, by Lender, or in connection with or
> affecting the Property or any part thereof, including
> causes of action arising in tort or contract and causes
> of action for fraud or concealment of a material fact,
> are, at Lender's option, assigned to Lender, and the
> proceeds thereof shall be paid directly to Lender who,
> after deducting therefrom all its expenses, including
> reasonable attorneys' fees, may apply such proceeds to
> the sums secured by this Security Instrument or to any
> deficiency under this Security Instrument or may release
> any monies so received by it or any part thereof, as
> Lender may elect. Lender may, at its option, appear in
> and prosecute in its own name any action or proceeding
> to enforce any such cause of action and may make any
> compromise or settlement thereof.   Borrower agrees to
> execute such further assignments and any other
> instruments as from time to time may be necessary to
> effectuate the foregoing provisions and as Lender shall
> request.

PXD at ¶ 6.

23

43

or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender[16] with respect to this Security Instrument or the property," at his own expense.  Although this case does concern "the rights or powers of Lender with respect to this Security Instrument or the property," this sentence only mandates that the borrower pay his own costs, not that he must also pay the lender's costs or attorneys' fees.  Second, the clause states that at the lender's option, all of the borrower's causes of action related to the property may be assigned to the lender, and the lender is entitled to pay its costs, including reasonable attorneys' fees, from the proceeds.  This case was not a cause of action by the borrower that was assigned to the lender, so this scenario is inapplicable.  Finally, the clause provides that the lender is entitled to "appear in and prosecute in its own name any action or proceeding to enforce any" of the borrower's causes of action, but this scenario makes no mention of an entitlement to attorneys' fees.  Therefore, Plaintiff is not entitled to an award of

---

[16] "Lender" as used in the mortgage also encompasses an assignee of the mortgage.  See PXD at ¶ 12 ("The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower . . . .").

24

44

Defendants, Masoud Shakoori-Naminy a/k/a Masoud Shakooru, Brenda Shakoori-Naminy, and Sand Canyon Corporation.

It is so ordered.

November 16, 2022          By the Court:

/s/ William E. Smith
United States District Judge

47

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                 )
U.S. BANK N.A., as Trustee for the )
Registered Holders of the        )
Structured Asset Securities      )
Corporation, Structured Asset    )
Investment Loan Trust,           )
Mortgage Pass-Through            )
Certificates, Series 2003-BC11,  )
                                 )
        Plaintiff,               )
                                 )
    v.                           )     C.A. No. 17-394 WES
                                 )
MASOUD SHAKOORI-NAMINY a/k/a      )
MASOUD SHAKOORI, BRENDA           )
SHAKOORI-NAMINY, and SAND CANYON )
CORPORATION,                     )
                                 )
        Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court are two motions to alter judgment and for new trial, one filed by Defendant Masoud Shakoori-Naminy ("Shakoori"), ECF No. 90, and the other by Defendant Brenda Shakoori-Naminy ("Brenda"), ECF No. 102, both challenging the Court's ruling that Plaintiff U.S. Bank N.A. is entitled to equitable assignment of Defendants' mortgage. See Findings of Fact & Concl. of L., ECF No. 88. For the reasons that follow, Defendants' motions are DENIED.

I.   Standard of Review

Following a nonjury trial, a motion for new trial may be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). The reason must be substantial; judgment will not be set aside unless there has been a manifest error of law or mistake of fact. Jackson v. United States, No. 08-40024-FDS, 2011 WL 6301425, at *3 (D. Mass. Dec. 15, 2011) (quoting Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir. 1995)).

Similarly, a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) may be granted "only where the movant shows a manifest error of law or newly discovered evidence." Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007)). A court may properly deny a Rule 59(e) motion if the arguments asserted rely on evidence that could have been discovered earlier through the exercise of due diligence, are repeat arguments that were properly rejected, or could and should have been raised before judgment issued. See Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009).

II.  Discussion[1]

A. Shakoori's Motion for New Trial

Shakoori seeks to amend the judgment or a new trial on the grounds that the Court committed three manifest errors of law: (1) that the indorsement of the promissory note ("note") was invalid because there was no evidence that the allonge was affixed to the note at the time it was executed, (2) that the testimony of Howard Handville, a senior loan analyst at Ocwen Financial Corporation ("Ocwen"), should not have been admitted under U.S. Bank Trust v. Jones, and (3) that Plaintiff's admissions precluded judgment.  Def.'s Mem. Supp. Mot. New Trial & Alter & Amend J. ("Shakoori's Mem.") 2, 11, 21, ECF No. 90-1.

1. Indorsement

Shakoori first argues that Plaintiff failed to present evidence that the allonge was affixed to the note at the time it was executed and thus the indorsement of the note was invalid. Shakoori's Mem. 1-10.  No statute or case supports Shakoori's position that an allonge must be attached to a promissory note at the time the allonge is executed.

First, Shakoori points to Rhode Island's Uniform Commercial Code, which, in defining "indorsement," states that "a paper

---

[1] For a detailed recitation of the facts of the case, see Findings of Fact & Concl. of L., ECF No. 88.

3

affixed to the instrument is a part of the instrument." Shakoori's
Mem. 2 (quoting R.I. Gen. Laws § 6A-3-204).   No part of this
definition contains any requirement that the allonge be affixed to
the note at the time of signature.

Shakoori next points to three Rhode Island Supreme Court
("RISC") cases, each of which defines "allonge." Shakoori's Mem.
4-5.   In Note Capital Group, Inc. v. Perretta, 207 A.3d 998, 1000
n.4 (R.I. 2019), Pimentel v. Deutsche Bank National Trust Co., 174
A.3d 740, 742 n.4 (R.I. 2017), and Moura v. Mortgage Electric
Registration Systems, 90 A.3d 852, 853 n.1 (R.I. 2014), the RISC
referred to the definition of "allonge" from Black's Law
Dictionary, which states that an allonge is "[a] slip of paper
sometimes attached to a negotiable instrument for the purpose of
receiving further indorsements when the original paper is filled
with indorsements." Black's Law Dictionary 92 (10th ed. 2014).
Like the Rhode Island statute, these cases make no mention of when
the allonge must be affixed to the note.   In addition, the
attachment of the allonge to the note was not at issue in these
three cases,[2] and the RISC did not engage in any discussion on this

---

[2] In Note Capital Group, the Rhode Island Supreme Court
concluded that the plaintiff could not foreclose on the defendant's
property because there was insufficient proof to establish
possession of the lost note. 207 A.3d at 1006. In Pimentel, the
court affirmed summary judgment in favor of the foreclosing bank
despite that the borrower submitted copies of unendorsed notes

issue other than to provide the definition. Rather than support for Shakoori's argument that the allonge must be affixed to the note at the time of signing, these cases bolster the conclusion that Plaintiff is entitled to equitable assignment of the mortgage because the evidence demonstrates a valid endorsement by allonge and present possession of the note.

Shakoori also points to several decisions outside of Rhode Island to argue that the allonge must be affixed to the note at the time of signature. Shakoori's Mem. 5-10. First, in In re Shapoval, 441 B.R. 392 (Bankr. D. Mass. 2010), the Massachusetts bankruptcy court determined that an evidentiary hearing was necessary to determine "whether the allonge was ever affixed to the note." Id. at 394. A similar question arose in In re Thomas, 447 B.R. 402, 411 (Bankr. D. Mass. 2011) ("Given that [Defendant] has produced two different copies of the note -- one with and one without the purported allonge -- the plaintiff argues that there is a question of fact as to whether the allonge is affixed to the

---

because the bank "provided a copy of the note with an allonge that demonstrate[d] that the note was endorsed, along with an affidavit attesting that it [held] the note." 174 A.3d at 746. Finally, in Moura, the court affirmed summary judgment in favor of the foreclosing bank because "[t]he evidence and supporting documents . . . established that [the plaintiff] signed the note, that the note was signed in favor of Accredited Home Lenders, which endorsed an allonge in blank, and that it was subsequently held by Vericrest Financial on behalf of Deutsche Bank." 90 A.3d at 746.

note . . .") and in Adams v. Madison Realty & Development, Inc., 853 F.2d 163, 166 (3d Cir. 1988) ("We may assume . . . that the loose indorsement sheets accompanying [the] notes would have been valid allonges had they been stapled or glued to the note themselves."). Notably, however, these cases focus only on whether and how firmly the allonge is affixed to the note and make no mention of the timing of a signature on the allonge as a requirement for enforcement. Here, there is no dispute that the allonge is permanently affixed to the note and that Plaintiff is in possession of the note and allonge.

Finally, Shakoori argues that the Court erred in relying on Livonia Property Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC, 717 F. Supp. 2d 724 (E.D. Mich. 2010), and Kohler v. U.S. Bank Nat'l Ass'n, No. 11-C-0893, 2013 WL 3179557 (E.D. Wis. June 21, 2013), due to the factual differences between those cases and the present case. Both cases stand for the proposition that so long as the information on an allonge indicates an intent to serve as indorsement of the note, the allonge is effective. Here, review of the allonge affixed to the note evidences a clear and unambiguous intent to negotiate the agreement by an endorsement in blank. Thus, Shakoori's argument fails.

### 2. Handville's Testimony

Shakoori next challenges the admission of the testimony of

6

Howard Handville, a senior loan analyst at Ocwen, arguing that Handville did not verify the boarding or verification of business records as required by U.S. Bank Trust v. Jones, 925 F.3d 534 (1st Cir. 2019). Shakoori's Mem. 11-21.

Federal Rule of Evidence 803(6) excludes from the definition of hearsay records that are kept in the course of regularly conducted business. Jones dictates that business records "containing third-party entries without third-party testimony" may be admitted if "the entries 'were intimately integrated' into the business records." Jones, 925 F.3d at 537 (quoting FTC v. Direct Mktg. Concepts, Inc., 624 F.3d 1, 16 n.15 (1st Cir. 2010)). In reaching this conclusion, the Jones court emphasized certain facts elicited through the testimony of the loan servicer's witness: the servicer "incorporated the previous servicer's records into its own database," and the servicer's "acquisition department took steps to review the [prior] servicer's records in a way that assured itself of the accuracy of the records." Id. at 538 (quoting U.S. Bank Trust v. Jones, 330 F. Supp. 3d 530, 543 (D. Me. 2018)).

Here, Handville testified similarly to the witness in Jones, explaining the multi-step process through which the records were transferred from the original servicer to PHH Mortgage Corporation and verified. Apr. 18 Tr. 9:12-15:4, ECF No. 76. Handville

further explained how Ocwen received the documents particular to Shakoori's loan through the merger with PPH Mortgage Corporation ("PHH") and how the documents were imported and verified, discussing the systems and processes used to integrate and review the loan records.  Id. at 16:9-17:24.  He explained that he reviewed the business records, including "origination documents, the HUD-1, the closing settlement statements, [and] collateral file documents such as the note [and] mortgage" in preparation for trial.  Id. at 20:10-22.  The substance of Handville's testimony demonstrated the integration of business records into those maintained by the current servicer as required by Jones.

Shakoori claims specifically that Handville could not explain how Ocwen's records were confirmed and verified when it merged with PPH.  Shakoori's Mem. 10-11.  However, Handville testified that when the servicers merged, all the data was transferred from the "REAL servicing mortgage platform" to the "Black Knight LoanSphere MSP" using the same process described in relation to the other transfers.  Apr. 18 Tr. 19:2-18; 31:1-38:17.  He further explained how Ocwen maintained loan documents in an image database called CIS, and how, after the merger with PHH, the documents were imported into a new repository called iDesk, including how Ocwen and PHH verified the accuracy of these records.  Id. at 19:19-20:5.

8

55

Shakoori further argues that Handville's testimony violated the best evidence rule because Handville looked only at copies of the documents and did not know the location of the original documents. Shakoori's Mem. 16-17.   Federal Rule of Evidence 1001(d) provides that a printout may constitute an original document for electronically stored information so long as the printout is an accurate reflection of that information. See Jones, 925 F.3d at 540.  Here, Handville's testimony demonstrated that the loan and trust documents were printed from electronic records maintained by PHH, explained the systems in place to search for documents, and detailed the process to review documents on PHH's internal Sharepoint website, which satisfies the requirements of Rule 1001(d).

Shakoori also argues that Handville could not authenticate the note. However, Handville reviewed both the original collateral file containing the note and allonge and bailee letters that PHH and its counsel used to acknowledge transfer of the note from one entity or person to another, which suffices to authenticate the note.  Apr. 18 Tr. 86:19-95:14.  Further, even if Handville's testimony on this issue was deficient, Shakoori himself authenticated the note through his own testimony. Apr. 5 Tr. 38:5-39:9, ECF No. 75.

### 3. Plaintiff's Admissions

Shakoori argues that the Court committed manifest error of law by not accepting as admitted the facts in his request for admissions. Shakoori's Mem. 21-28. This argument fails because the Court in fact granted Shakoori's motion and admitted all facts contained in the request for admissions. See Findings of Fact & Concl. of L. 17. As explained in the Findings of Fact and Conclusions of Law, the admitted facts had little, if any, effect on the case because most pertained to assignments of the mortgage, which are not relevant to a claim of equitable assignment. Id. at 17-18. Those admitted facts that pertained to the note were also inconsequential because Plaintiff was required to prove only that it holds the note and was entitled to enforce it, which it did by presenting the original note indorsed in blank and authenticated by the testimony of both Shakoori and Handville. Id.

### 4. Sanctions

Finally, Shakoori argues that the Court committed manifest error by not imposing sanctions on Plaintiff for failing to respond to discovery requests and presenting evidence contrary to its responses. Shakoori's Mot. 28. The evidence that, Shakoori contends, forms the basis for sanctions was ultimately not admitted or deemed irrelevant, which undermines Shakoori's request for sanctions. See Findings of Fact & Concl. of L. 19. Shakoori has

10

not identified any other conduct that would justify the imposition of sanctions on Plaintiff.

Accordingly, Shakoori's Motion for New Trial is DENIED.

### B. Shakoori's Motion to Alter Judgment

As discussed above, Shakoori's arguments simply rehash positions that he pressed in pretrial filings, throughout the trial, and in post-trial briefs. Thus, no relief under Rule 59(e) is available because the arguments were already presented to and properly rejected by the Court. See Yeomalakis, 562 F.3d at 61. Accordingly, Shakoori's Motion to Alter Judgment is DENIED.

### C. Brenda Shakoori-Naminy's Motion for New Trial

Defendant Brenda Shakoori-Naminy, wife of Shakoori, filed her own motion for new trial, ECF No. 102, asserting several reasons why a new trial is warranted in this case. The Court addresses her arguments in turn.

#### 1. Ability to Present Defense

Brenda first makes a variety of arguments related to the circumstances at trial and her ability to present a defense, including that the COVID protocols in place at the time were prejudicial to Defendants and that her attorney failed to appear. Def.'s Mot. New Trial ("Brenda's Mot.") 1-2, ECF No. 102. She does not, however, identify any arguments that she was precluded from making that could have changed the outcome of the case that

11

were not already put forth by Shakoori's attorney, nor has she identified any specific prejudice that resulted from her inability to present these arguments.

### 2. Bankruptcy Filings

Next, Brenda takes issue with the admission of documents pertaining to Shakoori's bankruptcy because they were made by Attorney Dawn Thurston who was later suspended for misconduct. As discussed in the Findings of Fact and Conclusions of Law, this case ultimately rested upon Plaintiff's ability to prove that it was the holder of the note and entitled to enforce it, which it did successfully. Findings of Fact & Concl. of L. at 8. Shakoori's bankruptcy proceedings were irrelevant to this conclusion, other than to demonstrate that he would not be personally liable for the outstanding balance on the loan because his debt was discharged. See id. at 15 n.11. Because the documents that Brenda challenges did not influence the outcome of the case, this argument is without merit.

### 3. Movement of Case

Next, Brenda argues that the fact that Defendants have not made payments on the mortgage in ten years should not count against them. She asserts that the delay in payments was due to the slow movement of the case through the judicial process over which Defendants had no control. Def.'s Mem. 7-8. Defendants last made

a payment on the mortgage over ten years before the commencement of this trial. Findings of Fact & Concl. of L. at 4. This lawsuit was filed in 2017, at least four years after the last payment. Thus, Brenda's assertion that the nonpayment was due to the movement of the case through the judicial system does not apply to a significant portion of the missed payments, and this argument is not a basis on which to grant a new trial.

### 4. Mortgage

Finally, Brenda makes four challenges related to the mortgage. She argues that the high-interest refinance that was issued to Shakoori in 2000 should be declared void because he should not have qualified for such a high interest rate, Brenda's Mot. at 2-3, that Plaintiff does not meet the requirements set forth in General Laws § 6A-3-302 for a holder in due course of the mortgage, Brenda's Mot. at 5-6, that a settlement reached with the Lehman Brothers estate concerning improper depositing of mortgages into real estate mortgage investment conduits has already made Plaintiff whole vis-a-vis Defendants' mortgage, id. at 6-7, and that the assignments of the mortgage were fraudulent, id. at 9. Because this is a case for equitable assignment and the outcome depended only upon Plaintiff demonstrating that it is the holder of the note and entitled to enforce it, evidence concerning the mortgage itself is irrelevant. See Findings of Fact & Concl. of

13

60

L. at 6-7 n.6.   Thus, even if Brenda's assertions concerning the mortgage are correct, these arguments do not warrant a new trial.

III. Conclusion

For the foregoing reasons, Defendant Masoud Shakoori-Naminy's Motion to Alter Judgment and for New Trial, ECF No. 90, and Defendant Brenda Shakoori-Naminy's Motion for New Trial, ECF No. 102, are DENIED.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
District Judge
Date:   May 3, 2023

14

61