UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

U.S. BANK N.A AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE STRUCTURED ASSETS SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11

VS                                      No 23-1475

MASOUD SHAKOORI
BRENDA SHAKOORI-NAMINY
SAND CANYON CORPORATION;
WILMINGTON TRUST, NA, AS SUCCESSOR TRUSTEE TO CITIBANK, N.A AS TRUSTEE FOR BEAR STEARNS SECOND LIEN TRUST 2007-SV1, MORTGAGE BACKED SECURITIES, SERIES 2007-CV1
HERITAGE CONCRETE CORP.
FIREPLACE LLC
STEPHEN E. MOTTAU
HALLINAN CAPITAL CORPORATION


MOTION TO REMAND TO THE UNITED STATES DISTRICT COURT FOR APPELLEE'S COMPLIANCE WITH FED R. CIV. APP. 7.1 AND FOR LIMITED DISCOVERY REGARDING THE RESIDENCE OF THE REGISTERED HOLDERS OF THE STRUCTURED ASSET SECURITIES CORPORATION, STRUCTURED ASSET INVESTMENT LOAN TRUSTMORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-BC11


Appellant, Masoud Shakoori. Moves that this Court remand this case to the United States District Court for the District of Rhode Island in order to determine whether there was actual diversity jurisdiction. A review of the Court docket indicates that the Appellee, U.S. Bank, N.A. as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan

Trust Mortgage Pass-Through Certificates, Series 2003-BC11. The Plaintiff has never complied with the original version of Fed. R. Civ. Pro. 7.1. It has also never complied with the amended version of Fed. R. Civ. Proc. 7.1.

Rule 7.1 of the Federal Rules of Civil Procedure has long required each "nongovernmental corporate party" to file a disclosure statement when that party takes its first action in a federal court lawsuit. Effective, December 1, 2022, however, the rule was amended to require that when a case that is in federal court because of diversity jurisdiction is filed or removed, each "party or intervenor" must file a disclosure statement that provides the "name—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor." The disclosure statement must be filed with a party's first appearance or filing addressed to the Court, and is mandatory "unless the court orders otherwise."

Pursuant to the holding of this Court in *BRT Management, LLC v. Malden Storage, LLC*, 68 F.4th 691 (First Cir., 2023), the Appellee and Plaintiff in the District Court has not complied with Fed. R. Civ. Pro. 7.1 and has not disclosed the identity of any parties, including the Registered Certificate Holders on whose behalf this action was brought. In *BRT Management*, this Court cited the Supreme Court case of *Americold Realty Trust v. Conagra Foods*, 136 S. Ct. 1012 (2016), in

which the Supreme Court held that the citizenship of unincorporated associations are to be determined by their members:

Despite our oft-repetition of the rule linking unincorporated entities with their "members," we have never expressly defined the term. But we have equated an association's members with its owners or "`the several persons composing such association.'" *Carden,* 494 U.S., at 196, 110 S.Ct. 1015 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900)). Applying this principle with reference to specific States' laws, we have identified the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on. See *Carden*, 494 U.S., at 189-190, 110 S.Ct. 1015 (citing *Chapman*, 129 U.S., at 682, 9 S. Ct. 426; *Great Southern*, 177 U.S., at 457, 20 S.Ct. 690; and *Steelworkers v. R.H. Bouligny, Inc*., 382 U.S. 145, 146, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965)).

As the amended Rule 7.1 reflects, diversity jurisdiction turns on the citizenship of not just each party, but all individuals and entities attributable to each party. The Registered Holders of the Certificates must disclose the citizenship of their identity and state of domicile. No such disclosure has occurred in this case in the District Court. This Court in noted the following diversity issues regarding trusts:

As the Supreme Court has explained, sometimes a trust is treated like an unincorporated association, taking as its citizenship the citizenship of its members. [Americold Realty Tr., 577 U.S. at 382, 136 S.Ct. 1012](). In Americold, the Court attributed "confusion" regarding trust citizenship to "tradition," because "[t]raditionally, a trust was not considered a distinct legal entity, but a `fiduciary relationship' between multiple people," so "proceedings involving a trust were brought by or against the trustees in their own name[s]," and accordingly the trustees' citizenships were the ones that mattered. Id. at 383, 136 S.Ct. 1012. But because states "have applied the `trust' label to a variety of unincorporated entities" that can sue or be sued, those entities "possess[] the citizenship of all [their]

members." Id. Many circuit courts have interpreted this language to mean that a "traditional" trust — one that "exists as a fiduciary relationship and not as a distinct legal entity" — takes the citizenship of its trustee, while a trust which does exist as a separate legal entity takes the citizenship of all its members. See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 39 (3d Cir. 2018); see also Wang ex rel. Wong v. New Mighty U.S. Tr., 843 F.3d 487, 494 (D.C. Cir. 2016); Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 729-32 (2d Cir. 2017). To determine whether a trust is traditional, courts have looked to whether it can sue and be sued, and the extent to which it is otherwise treated as a juridical person under state law. See Americold, 577 U.S. at 382, 136 S.Ct. 1012; GBForefront, 888 F.3d at 40-41; Wang ex rel. Wong, 843 F.3d at 494-95; Loubier, 858 F.3d at 729-31; Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019). Defendants have not provided this information, thus precluding us from even trying to determine how to treat their trusts.

Nor have defendants provided information about the trusts' beneficiaries or members (however defined) that might moot any need to determine whether it is necessary to look beyond the citizenship of 698*698 the trust or its trustees. See, e.g., Zoroastrian Ctr. & Darb-e-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 749-50 (4th Cir. 2016) (avoiding the need to determine whether the trustees or beneficiaries need be considered by showing that all of the trustees and beneficiaries were citizens of states other than those of which the opposing parties were citizens).

*BRT Management* at pp.607-698.

No disclosures have been made in this case of any of the Registered Certificate Holders on whose behalf this case was brought and as a result, there is no affirmation that there existed Diversity Jurisdiction in the District Court, a burden placed on the Plaintiffs, the Registered Certificate Holders of this Trust. For these reasons, this matter should be remanded to the District Court for compliance with Rule 7.1 and limited discovery as the identity and residence of the Registered Certificate Holders on whose behalf this case was brought.

April 18, 2024                                  MASOUND NAMINY SHAKOORI

                                                                         By his Attorney
                                                                         /s/ John B. Ennis
                                                                         John B. Ennis, Esq.
                                                                         1200 Reservoir Avenue
                                                                         Cranston RI 02920
                                                                         (401) 943-9230
                                                                         Jbelaw75@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion to Remand was served by Electronic Filing on all Attorneys of Record on April 18, 2024.

/s/ John B. Ennis