NO. 23-1475

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

US BANK N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11,

Plaintiff-Appellee,

v.

MASOUD SHAKOORI-NAMINY,

Defendant-Appellant.

BRENDA SHAKOORI-NAMINY; SAND CANYON CORPORATION; WILMINGTON TRUST, NA, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates, Series 2007-SV1; HERITAGE CONCRETE CORP.; FIREPLACE LLC; STEPHEN E. MOTTAU; HALLINAN CAPITAL CORPORATION; SAND CANYON CORPORATION

Defendants

# ON APPEAL FROM THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# L.T. CASE NO. 1:17-CV-00394-WES

# BRIEF OF PLAINTIFF-APPELLEE

Marissa I. Delinks, Bar Id. 111180
Samuel C. Bodurtha, Bar Id. 1171902
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000/Fax: 617-213-7001
mdelinks@hinshawlaw.com
sbodurtha@hinshawlaw.com

*Attorneys for Plaintiff-Appellee*

# <u>CORPORATE DISCLOSURE STATEMENT</u>

US BANK N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, hereby certifies and identifies the following parent corporations and any publicly held corporations owning 10% or more of their stock: U.S. Bank, N.A. is a wholly-owned subsidiary of U.S. Bancorp, a publicly held Delaware corporation. U.S. Bancorp is traded on the New York Stock Exchange under the symbol "USB." No publicly held corporation owns ten percent or more of the stock in U.S. Bancorp.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ......................................................... i

STATEMENT OF ISSUES .................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iii

STATEMENT OF THE CASE............................................................................... 1

    A.    Nature of Case............................................................................................ 1

    B.    Statement of Facts ..................................................................................... 2

            1.    Origination and Modification of Mortgage Loan ............................ 2

            2.    Defendant's Bankruptcy ................................................................. 4

    C.    Course of proceedings and disposition below pertinent to
this appeal ................................................................................................. 4

SUMMARY OF ARGUMENT ........................................................................... 10

ARGUMENT ...................................................................................................... 11

I.    JUDGMENT PROPERLY ENTERED GRANTING U.S. BANK
AS TRUSTEE AN EQUITABLE ASSIGNMENT OF THE
MORTGAGE AS THE UNDISPUTED HOLDER OF THE ORIGINAL
NOTE ENDORSED IN BLANK BY AN ALLONGE AFFIXED TO
THE NOTE ............................................................................................... 11

    A.    Standard of Review................................................................................. 11

    B.    The district court correctly applied Rhode Island law to find
the original allonge was affixed to the original Note and this
alone warranted an equitable assignment of the Defendant's
Mortgage ................................................................................................. 13

C.    The Defendant's unsupported contentions that the Plaintiff
      cannot enforce the Note do not undermine the judgment and
      misinterpret Rhode Island law ............................................................ 19

      1.    The district court correctly applied Rhode Island statutory
            law ........................................................................................... 19

      2.    The district court likewise correctly applied Rhode Island
            decisional law and persuasive law from other jurisdictions ........... 21

      3.    The Defendant's reliance on other states' U.C.C. provisions
            and decisions applying their respective statutes is woefully
            misplaced ................................................................................... 23

D.    The facts in the Defendant's Request for Admissions were deemed
      admitted; but his perfunctory argument is waived and the admitted
      facts do not belie the Plaintiff's right to an equitable assignment
      of his Mortgage in any event .............................................................. 26

E.    Mr. Handville's testimony that the undisputed original Note was
      in Plaintiff's possession was not required ............................................ 28

F.    The "Best Evidence Rule" has no application to the issues on
      appeal but was satisfied ...................................................................... 29

CONCLUSION ................................................................................................. 30

## STATEMENT OF ISSUES

1.      Is a party that undisputedly possesses an original note endorsed in blank by an original allonge affixed to the note, who is not the record holder of the corresponding mortgage, entitled to an equitable assignment of the mortgage to enable that party to later foreclose on the security interest?

2.      Does Rhode Island law hold that an original allonge undisputedly affixed to an original note is defective and the note unenforceable unless the party in possession proves that the allonge was affixed to the note on the date the allonge was signed?

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aadland v. Boat Santa Rita II, Inc.*,
42 F.4th 34 (1st Cir. 2022)....................................................................11

*Adams v. Madison Realty & Dev., Inc.*,
853 F.2d 163 (3d Cir. N.J. 1988)....................................................24, 25, 26

*Barbosa v. Midland Credit Mgmt.*,
981 F.3d 82 (1st Cir. 2020)..................................................................12

*Barnes v. Boardman*,
149 Mass. 106, 21 N.E. 308 (1889)..........................................................15, 17

*Bucci v. Lehman Brothers Bank, FSB*,
68 A.3d 1069 (R.I. 2013)....................................................................14

*Calandro v. Sedgwick Claims Mgmt. Servs.*,
919 F.3d 26 (1st Cir. 2019)..................................................................12

*Casillas-Diaz v. Palau*,
463 F.3d 77 (1st Cir. 2006)..................................................................13

*City of Providence v. Barr*,
954 F.3d 23 (1st Cir. 2020)..................................................................21

*Crowe v. Marchand*,
506 F.3d 13 (1st Cir. 2007)..................................................................13

*Culhane v. Aurora Loan Services of Nebraska*,
708 F.3d 282 (1st Cir. 2013)............................................................14, 16, 28

*Cumpiano v. Banco Santander P.R.*,
902 F.2d 148 (1st Cir. 1990)................................................................12

*Duxbury v. Roberts*,
388 Mass. 385, 446 N.E. 2d 401 (1983)....................................................24, 25, 26

*Eaton v. Fed. Nat'l Mortg. Ass'n*,
462 Mass. 569, 969 N.E.2d 1118 (2012)................................................14, 15, 17, 28

iv

*Estrada v. River Oaks Bank & Trust Co.*,
   550 S.W.2d 719 (Tex. App. 1977)......................................................25

*Faria v. Harleysville Worcester Ins. Co.*,
   852 F.3d 87 (1st Cir. 2017)..............................................................13

*Feliciano v. Rullan*,
   303 F.3d 1 (1st Cir. 2002)..........................................................16, 29

*Keller v. United States*,
   58 F.3d 1194 (7th Cir. 1995) .............................................................16

*Kohler v. U.S. Bank Nat. Ass'n*,
   No. 11-C-0893, 2013 WL 3179557 (E.D. Wis. June 21, 2013)........................22

*Lister v. Bank of Am., N.A.*,
   8 F. Supp. 3d 74 (D.R.I. 2014) ..............................................15, 18, 29

*Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd.*
   *Holdings, LLC*,
   717 F. Supp. 2d 724 (E.D. Mich. 2010) .....................................23, 25

*Lovely v. Laliberte*,
   498 F.2d 1261 (1st Cir. 1974)......................................................17, 29

*Lozada-Manzano v. United States*,
   75 F.4th 31 (1st Cir. 2023)...............................................................27

*McDonough Power Equip., Inc. v. Greenwood*,
   464 U.S. 548, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984). ....................13

*Morris v. Bacon*,
   123 Mass. 58, 59 (1877) ..................................................................14

*Moura v. Mortgage Elec. Registration Sys.*,
   90 A.3d 852 (R.I. 2014)....................................................................22

*Mruk v. Mortgage Electronic Registration Systems, Inc.*,
   82 A.3d 527 (R.I. 2013)....................................................................18

*Note Capital Group, Inc. v. Perrata*,
   207 A. 3d 988 (R.I. 2019)......................................................15, 18, 22

*NV One, LLC v. Potomac Realty Capital, LLC*,
84 A.3d 800 (R.I. 2014)........................................................................22

*Ocwen Loan Servicing, LLC v. Medina*,
247 A.3d 140 (R.I. 2021) ....................................................................16

*Penobscot Nation v. Frey*,
3 F.4th 484 (1st Cir. 2021)..................................................................20

*Pimentel v. Deutsche Bank Nat'l Trust Co.*,
174 A.3d 740 (R.I. 2017)........................................................17, 18, 22

*Progressive Cas. Ins. Co. v. Dias*,
151 A.3d 308 (R.I. 2017).....................................................................20

*Reliance Steel Prods. Co. v. Nat'l Fire Ins. Co. of Hartford*,
880 F.2d 575 (1st Cir. 1989)...............................................................12

*Rodriguez v. Señor Frog's De La Isla, Inc.*,
642 F.3d 28 (1st Cir. 2011).................................................................13

*Sampson v. United States*,
724 F.3d 150 (1st Cir. 2013)...............................................................13

*Seahorse Marine Supplies, Inc. v. P.R. Sun Oil Co.*,
295 F.3d 68 (1st Cir. 2002).................................................................20

*State Police Ass'n of Mass. v. Comm'r of Internal Revenue*,
125 F.3d 1 (1st Cir. 1997)...................................................................12

*U.S. Bank Trust v. Jones*,
925 F. 3d 534 (1st Cir. 2019)..............................................................28

*United States Bank Nat'l Ass'n v. Ibanez*,
458 Mass. 637, 941 N.E.2d 40 (2011).............................15, 16, 17, 28

*United States v. 15 Bosworth Street*,
236 F.3d 50 (1st Cir. 2001).................................................................11

*United States v. Bater*,
594 F.3d 51 (1st Cir. 2010).................................................................13

*United States v. U.S. Gypsum Co.*,
 333 U.S. 364, 68 S. Ct. 525, 92 L. Ed. 746 (1948).............................................12

*US Bank Trust National Ass'n v. Phann*,
 220 N.E.3d 1001 (Ohio App. 2d 2023) ............................................................26

*Vázquez-Rivera v. Figueroa*,
 759 F.3d 44 (1st Cir. 2014).................................................................................9

*In re Weisband*,
 427 B.R. 13 (Bankr. D. AZ 2010) .........................................................24, 25, 26

**Statutes**

A.R.S. § 47-3204...................................................................................................24

R.I. Gen. Laws § 6A-3-202 (1999) ......................................................................25

R.I. Gen. Laws § 6A-3-204.........................................................................9, 13, 20

R.I. Gen. Laws § 6A-3-204(a) .......................................................................*passim*

R.I. Gen. Laws § 6A-3-301 (2000) ...........................................................15, 17, 29

Uniform Commercial Code.......................................................................17, 24, 28

**Other Authorities**

Fed. R. Civ. P. 52(a)..............................................................................................12

Fed. R. Civ. P. 59(a)..............................................................................................13

Fed. R. Evid. 1001-1004 .......................................................................................29

Fed. R. Evid. 1002 ................................................................................................30

# STATEMENT OF THE CASE

A. Nature of Case.

Plaintiff-Appellee, US Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11 ("Plaintiff"), filed this action, as the undisputed holder of an original note signed by the Defendant-Appellant, Masoud Shakoori-Naminy ("Defendant"), endorsed in blank by an allonge affixed to the note, seeking an equitable assignment of the Defendant's mortgage, which the Plaintiff did not hold, to allow it to later foreclose on the security interest pledged. During the two-day bench trial in April 2022, the Plaintiff introduced into evidence the original note and the original allonge affixed to the note that included an endorsement in blank. The Defendant admitted that the note was the original he signed and did not dispute that the original allonge was affixed to the original note, nor could he, since his counsel and his expert had examined these original documents at Plaintiff's counsel office eight months before on August 20, 2021. The Plaintiff also proved, through the Defendant's own testimony, that the Defendant was in default of his loan obligations having not made a payment in over ten years, yet he remained in the property through the date of trial. Based on the evidence, the district court (*Smith, J.*) concluded that equity and Rhode Island law entitled the Plaintiff to an equitable assignment of the mortgage. Judgment entered

in the Plaintiff's favor and the Defendant's motion to alter or amend the judgment, which served to only to rehash his arguments at trial, was denied. The Defendant appeals.

B.  Statement of Facts.

The Defendant does not dispute in his opening brief the following findings of fact reached by the district court based on the evidence introduced at the two-day bench trial:

1.  Origination and Modification of Mortgage Loan.

The Defendant purchased property located at 1541 Ten Rod Road in Exeter, Rhode Island ("the Property") on December 26, 2000. A22,[1] *citing* Plaintiff's Trial Exhibit ("PX_") A. "On November 5, 2001, [the Defendant] obtained a loan from Finance America, LLC, in the amount of $243,750, secured by a mortgage on the property." *Id.*, *citing* PXB and Apr. 5, 2022 Trial Transcript ("TT1") at 35:3-37:19 (SA99-101).[2] "On July 16, 2003, Defendant obtained a $315,400 loan ("the [L]oan") from Option One Mortgage Corporation ("Option One") and executed an Adjustable Rate Note ("the [N]ote") payable to Option One on the same day." A22, *citing* PXC and TT1 at 39:1-7, 47:15-16, 48:24–49:25 (SA103; SA111-113). "Defendant's

_____

[1] Citations to the Defendant's record appendix in this brief will be provided as ("A__").
[2] Citations to the Plaintiff's Supplemental Appendix will be provided as ("SA__").

initials appear on the first two pages of the [N]ote, and his signature appears on the third page." *Id.*, *citing* PXC and TT1 at 40:3-17 (SA104). "Attached to the [N]ote is an allonge also dated July 16, 2003, that contains an indorsement in blank signed by Mary Conway, Assistant Secretary of Option One." A22-23, *citing* PXC. "Neither Defendant's initials nor his signature appear on the allonge, and he testified that the allonge was not attached to the [N]ote when he signed it." A23, *citing* TT1 at 46:10-16 (SA110).

"Defendant also executed a mortgage ("the [M]ortgage") on the [P]roperty to secure the [L]oan. A23, *citing* PXD and TT1 at 49:20-24 (SA113). "Option One was the holder of the [M]ortgage, and the [M]ortgage was recorded in the Town of Exeter Land Evidence Records." *Id.*, *citing* PXD and TT1 at 39:1-4 (SA103). "From the proceeds of the [L]oan, $248,054.40 was paid to Finance America, LLC, extinguishing Defendant's liability on his earlier mortgage loan." *Id.*, *citing* PXE and TT1 at 50:11-19 (SA114). "The remaining balance, $53,602.25, was paid to Defendant." *Id.*, *citing* PXE and TT1 at 50:20-22, 52:3-5 (SA114; SA116).

"In December 2008, after defaulting on the [L]oan, Defendant entered into a modification agreement with American Home Mortgage Servicing, Inc. ("AHMSI"), which was the servicer for the [L]oan at the time." A23-24, *citing* PXQ and TT1 at 56:12-17, 59:3-9 (SA120; SA123). "Following the modification, Defendant resumed making payments to AHMSI for an unknown amount of time,

but, as of the time of this trial, had not made any mortgage payments in over ten years." A24, *citing* TT1 at 63:18-22, 65:14-16.

2.      Defendant's Bankruptcy,

"Between 2008 and 2015, Defendant filed three bankruptcy petitions in the United States Bankruptcy Court for the District of Rhode Island ("Bankruptcy Court")." A24, *citing* PXO, PXT, PXU and, PXBB. "On December 31, 2015, in connection with his third petition, the Bankruptcy Court issued a Chapter 7 discharge of all debts." *Id.*, *citing* PXDD and TT1 at 104:14-19 (SA124).

C.      Course of proceedings and disposition below pertinent to this appeal.

The Plaintiff filed this action on August 25, 2017, seeking, *inter alia*, an equitable assignment of the Defendant's Mortgage. A4. A copy of the Note with the allonge affixed thereto was filed with the complaint as exhibit 1. SA1. The Plaintiff moved for leave to file an amended complaint on October 31, 2018, which was allowed on March 18, 2019. A6-7. The Plaintiff filed its amended complaint on March 27, 2019, which likewise sought, among other things, an equitable assignment of the Defendant's Mortgage. A433. Once again, the Plaintiff attached a copy of the Note with the allonge affixed thereto as exhibit 1 to its pleading. SA6.

On or about May 11, 2021, Plaintiff's counsel emailed Defendant's counsel a scanned copy of the original Note and original allonge affixed thereto. A84-85; A110. On June 23, 2021, the Plaintiff answered interrogatories propounded by the

Defendant and advised under oath, that the collateral file for the Defendant's Loan, containing the original Note and original allonge affixed thereto, was in possession Plaintiff's counsel and available for inspection. A84-85. The Defendant's counsel and his expert, Emily Will, examined the collateral file, including the original Note and the original allonge affixed thereto, in person at Plaintiff's counsel's office August 20, 2021. SA28.

A bench trial took place remotely on April 5 and April 18, 2022, on the sole issue of whether the Plaintiff was entitled to an equitable assignment of the Mortgage so that it may later pursue a foreclosure of the Defendant's Property. A21. Only two witnesses testified: the Defendant, and the Plaintiff's witness Howard Handville, a senior loan analyst at Ocwen Financial Corporation, the current servicer of the Loan.[3] A21; SA129-131 (April 18, 2022 Trial Transcript ("TT2") at 4:13-6:14).

The Defendant authenticated the copy of the Note at trial, then marked for identification as Plaintiff's Exhibit C. SA102-103 (TT1 at 38:5-39:19). Initially, he could not recall if the allonge was affixed to the Note when he signed it. SA103 (TT1 at 39:20-25). He was then handed the original Note with the original allonge attached and asked if proposed Exhibit C that he just reviewed was a true and accurate copy

---

[3] Ocwen Loan Servicing, which was owned by Ocwen Financial Corp., merged with PHH Mortgage Corp. ("PHH") in 2018, and the servicing of the Loan transferred to PHH on June 1, 2019. SA130-131 (TT2 5:20-6:14).

of the original Note with the original allonge. SA107 (TT1 at 43:12-22). Defendant's counsel objected and the district court judge asked in response if counsel wanted to stipulate that proposed Exhibit C was a true and accurate copy of the original Note and the original allonge. SA108 (TT1 at 44:3-10). Defendant's counsel agreed to stipulate that proposed Exhibit C was a true and accurate copy of the original Note, but would not so agree as to the allonge. SA108 (TT1 at 44:9-10) ("Well, of the note, not of the allonge, your Honor."). Despite the stipulation, the Defendant confirmed that proposed Exhibit C was a true and accurate copy of the original Note he signed. SA108-110 (TT1 at 44:14-45:17; 46:19-25). As to the allonge, however, the Defendant affirmatively recalled that the allonge was not attached when he signed the Note, contending this was the first time he had ever seen the document. SA110 (TT1 at 46:5-18).

Mr. Handville authenticated the original allonge affixed to the Note, testifying that the allonge included an endorsement in blank. A29, *citing* PXC and TT2 at 87:24-90:6 (SA157-160). Mr. Handville "also testified to the loan servicer's maintenance of promissory notes in "collateral files," the general process of transferring such files from the document custodian to the servicer and to counsel, and the specific transfer of the original [N]ote that occurred in this case to Plaintiff's counsel." A29, *citing* TT2 at 90:7-93:16 (SA160) ("So according to the records that you have reviewed, the last person or entity that holds the original collateral file with

the original promissory note is Hinshaw & Culbertson, counsel for U.S. Bank, as Trustee. Is that a fair statement? A. Yes.").

Plaintiff then offered Exhibit C, the redacted copy of the original Note with the allonge attached into evidence. SA162 (TT2 at 93:17-19). The Defendant objected on various grounds including that there was no evidence that Note was the original (SA163-164) (TT2 at 93:17-94:5), seemingly forgetting his prior stipulation that the Note was, in fact, the original—just not the allonge. SA108 (TT1 at 44:9-10). The district court judge also seemingly forgot the Defendant's prior stipulation and the Defendant's prior authentication of the original Note (SA164) (TT2 at 94:17-20), but correctly deduced that the Defendant's objection solely pertained to whether the proffered Exhibit C "was a true and accurate copy of the original mortgage [N]ote in this case" and the original allonge, as Defendant's counsel reminded him. SA164 (TT2 at 94:21-25).

In response and to resolve the district court's inquiry, the Plaintiff's counsel reminded the judge (as Mr. Handville had testified) that he was in possession of the original Note with the original allonge attached to the Note and offered to bring the document to the court for its review. SA165 (TT2 at 95:1-3). The district court judge aptly replied:

> THE COURT: Well, look, I haven't heard anything that suggests to me that -- Mr. Ennis, if the allonge is attached to the original and Mr. Bodurtha has provided you with the original as well as this copy and your client has indicated that this is, in fact, his signature or a copy of

his signature appears to be accurate and he did indeed sign it, I don't have any indication of anything you've said to me that suggests to me that this is not a legitimate business record or lacks in trustworthiness.

So unless you're telling me that there's some – you're making all sorts of illusions to things, but if the allonge is attached to the original note, I can't see what the issue is.

SA165 (TT2 at 95:5-18). The Defendant's counsel did not dispute that the original Note that he had examined in person with the Defendant's expert in Plaintiff's counsel's office on August 20, 2021, did not have the allonge attached to it, however. *See generally id.* Instead, he objected on the grounds that "[the allonge] had to have been affixed to the note after my client signed the note." SA165 (TT2 at 95:19-20). Defendant's counsel further explained his objection: "[the allonge had to be] affixed to the note when it was signed." SA165 (TT2 at 95:21-25). The district court properly concluded:

THE COURT: All right. You can make arguments about that, but that doesn't go to the admissibility of the document. So Exhibit C will be admitted in full.

SA166 (TT2 at 96:1-3).

After the trial concluded the Plaintiff and Defendant each filed supplemental post-trial briefs for the district court's consideration on May 6, 2022, and July 8, 2022, respectively. A16-17. The Defendant raised numerous arguments in his post-trial brief the majority of which were unsupported by the record and had little to do with the relief the Plaintiff sought—an equitable assignment of the Mortgage. SA32-82. As to the Note and the allonge, however, the Defendant contended that the

Plaintiff was not entitled to an equitable assignment of the Mortgage because the original Note and original allonge attached were improperly admitted into evidence. SA45-47. This was so he said because the original Note (that the Defendant authenticated and that was introduced into evidence by his attorney's stipulation) was, in fact, inadmissible "without authentication regarding the allonge, its date of creation, the date it was signed and added to the collateral file." SA45-47. But here, Mr. Handville could not say when the allonge was affixed to the Note and placed in the collateral file, meaning, according to the Defendant, that both documents were inadmissible as evidence and the indorsement ineffective under R.I. Gen. Laws § 6A-3-204. SA45-55.

The district court (*Smith, J.*) issued a 25-page decision on November 16, 2022, setting forth its Findings of Fact and Conclusions of Law, including its holding, based on the evidence presented at trial and as a matter of equity,[4] that the Plaintiff was entitled to an assignment of the Defendant's Mortgage. A21-45. Judgment issued in the Plaintiff's favor the same day. A46-47.

---

[4] The Defendant does not challenge the district court's findings that equity demanded the Plaintiff's relief. A35. This issue is therefore waived and may be affirmed without further discussion. *See Vázquez-Rivera v. Figueroa*, 759 F.3d 44, 47 & n.1 (1st Cir. 2014) (holding that challenges not presented or developed in the party's brief are "deemed waived by the total absence of argument").

The Defendant timely moved for a new trial and to alter or amend the judgment on December 14, 2022, once again challenging, amongst other things not pertinent to this appeal, the propriety of the admission of the allonge as evidence due to the lack of testimony that the allonge was affixed to the Note on July 16, 2003, when it was signed. A189-191. In essence, the Defendant raised the same arguments in his motion for new trial that he presented before the judgment entered, albeit relying on additional inapposite Rhode Island and Massachusetts decisional law that failed to support his contention, as the Plaintiff pointed out in its opposition. A189-197; SA83.

The district court (*Smith, J.*) agreed and after analyzing the statutory and additional decisional law the Defendant now relied on, denied the Defendant's motion on May 3, 2023, specifically finding that "no statute or case supports [the Defendant's] position that an allonge must be attached to a promissory note at the time the allonge is executed." A50; A51-57. This appeal followed.

## SUMMARY OF ARGUMENT

An entity that shows it is in possession of an original note endorsed in blank by an allonge affixed to it, has the right, as the noteholder, to demand an equitable assignment of the mortgage in order to later pursue an action in rem to foreclose. The Plaintiff presented the original Note with the original allonge endorsed in blank attached to the Note at trial, and the document was introduced into evidence after

the Defendant himself authenticated the original Note and his counsel stipulated to its authenticity. The Defendant did not contest that the original allonge was affixed to the original Note because he could not. His counsel examined the original Note in person eight months before the trial at Plaintiff's counsel's office.

Because there was no question before the district court that the Plaintiff, who was not the record holder of the Mortgage, was in possession of the original Note with the original allonge endorsed in blank affixed to it, the Plaintiff, who undeniably had no adequate remedy at law to foreclose, was entitled to an equitable assignment of the Defendant's Mortgage. The judgment in Plaintiff's favor was proper and may stand.

## **ARGUMENT**

I. JUDGMENT PROPERLY ENTERED GRANTING U.S. BANK AS TRUSTEE AN EQUITABLE ASSIGNMENT OF THE MORTGAGE AS THE UNDISPUTED HOLDER OF THE ORIGINAL NOTE ENDORSED IN BLANK BY AN ALLONGE AFFIXED TO THE NOTE

A. Standard of Review.

"When a district court conducts a bench trial, its legal determinations engender de novo review," as do its "determinations about the sufficiency of the evidence." *Aadland v. Boat Santa Rita II, Inc.*, 42 F.4th 34, 41 (1st Cir. 2022), *quoting United States v. 15 Bosworth Street*, 236 F.3d 50, 53 (1st Cir. 2001). As these findings are reviewed de novo, this Court is "not wedded to the [district] court's rationale, but . . . may affirm its order on any independent ground made

manifest by the record." *Barbosa v. Midland Credit Mgmt.*, 981 F.3d 82, 93 (1st Cir. 2020).

The district court's factual findings, on the other hand, "including reasonable inferences drawn from raw facts," must be honored, "unless those findings are clearly erroneous." *Calandro v. Sedgwick Claims Mgmt. Servs.*, 919 F.3d 26, 33 (1st Cir. 2019), *citing United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394-95, 68 S. Ct. 525, 92 L. Ed. 746 (1948). Factual findings are clearly erroneous if, "after careful evaluation of the evidence, [the reviewing court is] left with an abiding conviction that those determinations and findings are simply wrong." *Id.*, *citing State Police Ass'n of Mass. v. Comm'r of Internal Revenue*, 125 F.3d 1, 5 (1st Cir. 1997); Fed. R. Civ. P. 52(a). "Where … an appellate court is called upon to review findings of fact made at a bench trial, this deference makes perfect sense: in such a situation, the trial court sees and hears the witnesses at first hand and comes to appreciate the nuances of the litigation in a way which appellate courts cannot hope to replicate." *Id.*, *quoting Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir. 1990) (internal quotations omitted) and *citing Reliance Steel Prods. Co. v. Nat'l Fire Ins. Co. of Hartford*, 880 F.2d 575, 576 (1st Cir. 1989) (observing that "[d]isputes of this nature are the staples of a trial court's diet, and comprise an unappetizing, usually unnourishing, bill of fare for appellate digestion").

"Generally, motions for a new trial are committed to the discretion of the district court." *Faria v. Harleysville Worcester Ins. Co.*, 852 F.3d 87, 90 (1st Cir. 2017), *quoting McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984). "Abuse of discretion occurs when our appellate review reveals that the district court erred in its legal rulings or clearly erred in its factual findings." *Id.*, *citing Sampson v. United States*, 724 F.3d 150, 161 (1st Cir. 2013); *see also United States v. Bater*, 594 F.3d 51, 54 n.1 (1st Cir. 2010) (explaining that " 'abuse of discretion' is used as well to embrace mistakes on abstract issues of law (reviewed de novo) and errors of fact (for which clear error is the customary test."). A new trial is appropriate "only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." *Rodriguez v. Señor Frog's De La Isla, Inc.*, 642 F.3d 28, 37 (1st Cir. 2011), *quoting Crowe v. Marchand*, 506 F.3d 13, 19 (1st Cir. 2007) (discussing Fed. R. Civ. P. 59(a) and *quoting Casillas-Diaz v. Palau*, 463 F.3d 77, 81 (1st Cir. 2006)).

B.   The district court correctly applied Rhode Island law to find the original allonge was affixed to the original Note and this alone warranted an equitable assignment of the Defendant's Mortgage.

The Defendant contends that the district court wrongly found that the original allonge introduced into evidence at trial was affixed to the Note and consequently, erroneously concluded that the Plaintiff was entitled to an equitable assignment of the Mortgage. This is so he says because R.I. Gen. Laws § 6A-3-204 purportedly

requires the Plaintiff to prove that the allonge was affixed to the Note on July 16, 2003, the date the allonge was signed and no such testimony was provided here. In other words, the Defendant claims that the original Note that he authenticated at trial and that was admitted into evidence by his attorney's stipulation, to which the original allonge was undisputedly affixed, precluded the Plaintiff from obtaining an equitable assignment of his Mortgage. No Rhode Island statute, nor any Rhode Island decision, nor any case from any other jurisdiction supports the Defendant's position.

Like Massachusetts, Rhode Island law "contemplates distinctions between the legal interest in a mortgage and the beneficial interest in the underlying debt, and that these are distinct interests that may be held by different parties." *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1088 (R.I. 2013) (cleaned up), *quoting Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 292 (1st Cir. 2013). Because "[t]he two instruments exist on separate planes, … the transfer of the note does not automatically transfer the mortgage." *Culhane* at 292. "But the mortgage [no matter who holds it] is always subject to the note. As a hoary maxim teaches, the debt is the principal and the mortgage an incident." *Id.*, *quoting Morris v. Bacon*, 123 Mass. 58, 59 (1877) (internal quotations omitted).

"Where … the mortgage and the note are held by separate entities, an equitable trust is implied by law." *Culhane* at 292, *citing Eaton v. Fed. Nat'l Mortg.*

*Ass'n*, 462 Mass. 569, 969 N.E.2d 1118, 1125 & n.10 (2012). "Under such an arrangement, the mortgagee is an equitable trustee who holds bare legal title to the mortgaged premises in trust for the noteholder." *Id.*, *citing United States Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 652, 941 N.E.2d 40 (2011). "The noteholder possesses an equitable right to demand and obtain an assignment of the mortgage." *Id.*, *citing Ibanez* at 652. "This makes perfect sense: if the debtor-mortgagor defaults, the noteholder needs to control the mortgage in order to enforce its bargained-for security interest and collect the debt." *Id.* And so, a party that holds the note but not the mortgage, may file an action in court and obtain an equitable order of assignment of the mortgage. *Ibanez*, 458 Mass. at 652, *citing Barnes v. Boardman*, 149 Mass. 106, 114, 21 N.E. 308 (1889) (holder of debt might obtain a conveyance of the legal title from the mortgagee in a bill in equity).

"A promissory note is a type of negotiable instrument, which is governed by Rhode Island's Uniform Commercial Code…." *Note Capital Grp., Inc. v. Perretta*, 207 A.3d 998, 1003 (R.I. 2019). To enforce a note under Rhode Island law, a party must either be (i) the holder of the note, (ii) a non-holder of the note but nonetheless in possession, or (iii) a person or entity not in possession of the note but nonetheless entitled to enforce it. R.I. Gen. Laws § 6A-3-301 (2000); *Lister v. Bank of Am., N.A.*, 8 F. Supp. 3d 74, 80 (D.R.I. 2014) ("[M]ere possession of the note may entitle that person to enforce the terms and conditions contained within the note" under § 6A-

3-301.). An entity that shows it is in possession of the original Note endorsed in blank by an allonge affixed to it, has the right, as the noteholder, to demand an equitable assignment of the mortgage in order to later pursue an action in rem to foreclose. *See Culhane* at 292, *citing Ibanez* at 54 ("The noteholder possesses an equitable right to demand and obtain an assignment of the mortgage.").

Here, the original Note with the allonge endorsed in blank affixed thereto was introduced as evidence at trial after the Defendant authenticated the original Note and his counsel stipulated that Plaintiff's Exhibit C was a true and accurate copy of the original Note. The Defendant's stipulation is binding "and may not be contradicted by him at trial or on appeal." *Feliciano v. Rullan*, 303 F.3d 1, 8 (1st Cir. 2002), *citing Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). The admissibility of the original Note with the allonge affixed thereto may not be challenged in this appeal.

The Plaintiff's possession of the original Note with the allonge affixed thereto is likewise not in question. To be sure, the Plaintiff's counsel represented (consistent with Mr. Handville's testimony) that he was in possession of the original Note with the original allonge attached to it and offered to submit the original document to the district court. That was not necessary, however, as the Defendant's counsel did not (and indeed could not) represent to the district court that the original Note he examined at the Plaintiff's counsel's office on August 20, 2021, did not have the

original allonge endorsed in blank affixed to the original Note. The Defendant is bound by this admission. *See Lovely v. Laliberte*, 498 F.2d 1261, 1264 (1st Cir. 1974) ("An attorney's actions in litigation bind the client….").

Because there was no question before the district court that the Plaintiff, who was not the record holder of the Mortgage, was in possession of the original Note with the original allonge endorsed in blank affixed to it, the Plaintiff was entitled to an equitable assignment of the Defendant's Mortgage. *See Eaton, 462 Mass. at 576-577, citing Ibanez at 652, citing Barnes, 149 Mass. at 114.*

The district court further found that in order to obtain an equitable assignment of the Mortgage, "[t]he party must also be entitled to enforce the note under the Uniform Commercial Code." A28, *citing* R.I. Gen. Laws § 6A-3-301 (2000). But the Plaintiff did not seek a judgment to foreclose in this action and was not trying to enforce the Note or Mortgage at this juncture. Moreover, under Rhode Island law, "a mortgagee need not hold the note in order to foreclose on a property." *Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 144-145 (R.I. 2021), *quoting Pimentel v. Deutsche Bank Nat'l Trust Co.*, 174 A.3d 740, 74 (R.I. 2017). Meaning, the equitable assignment of the Defendant's Mortgage, which is all the Plaintiff sought in this action, was all the Plaintiff needed under Rhode Island law to later foreclose. Nonetheless, to the extent required, the Plaintiff demonstrated its right to enforce the Note.

When a note is endorsed in blank, it may be enforced by possession alone until specially endorsed. *Pimentel*, 174 A.3d at 742 n.3, *citing Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013), *quoting* R.I. Gen. Laws § 6A-3-205 (b) (2000) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); *Lister*, 8 F. Supp. 3d at 80. The signature indorsing a note need not be on the note itself for the indorsement to be effective. "Under Rhode Island law, for the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." R.I. Gen. Laws § 6A-3-204(a). This affixed paper is known as an "allonge." *See Perretta*, 207 A.3d at 1000 n.4, *quoting* Black's Law Dictionary 92 (10th ed. 2014) ("An allonge is defined as a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.").

Here, once again, there was no dispute before the district court at trial that the Plaintiff was in possession of the original Note with an original allonge endorsed in blank affixed thereto. To the extent the Plaintiff was required to prove it was entitled to enforce the Note in order to obtain an equitable assignment of the Defendant's Mortgage, that burden was undeniably met. The judgment in the Plaintiff's favor was proper and may stand.

C.   The Defendant's unsupported contentions that the Plaintiff cannot enforce the Note do not undermine the judgment and misinterpret Rhode Island law.

The Defendant's contention that the district court misapplied Rhode Island law to grant the Plaintiff an equitable assignment of his Mortgage misconstrues the Plaintiff's burden, the undisputed facts and the law. Again, the Defendant admits, as he must, that the Plaintiff is in possession of the original Note with an original allonge indorsed in blank affixed to the Note. That is all that is required for the Plaintiff to obtain an equitable assignment of the Mortgage. As the district court aptly pointed out, the Defendant's challenge pertains to the Plaintiff's right to enforce the Note, which, to the extent applicable, is based on his flawed interpretation of Rhode Island law, not the district court's.

**1.    The district court correctly applied Rhode Island statutory law.**

The Defendant erroneously argues that to the enforce the Note (and obtain an equitable assignment of the Mortgage), R.I. Gen. Laws § 6A-3-204(a) required the Plaintiff to prove at trial that the allonge was affixed to the Note on July 16, 2003, when it was signed. That is simply not so. The pertinent portion of the statute says:

> "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument …
> For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

R.I. Gen. Laws § 6A-3-204 (2000). Plainly, the statute says nothing about when the paper—the allonge, must be affixed to the note.

The text of the statute cannot be ignored—the words must be given their plain and ordinary meaning. *See, e.g.*, *Penobscot Nation v. Frey*, 3 F.4th 484, 490 (1st Cir. 2021) (statutory construction begins with the statute's text); *Progressive Cas. Ins. Co. v. Dias*, 151 A.3d 308, 311 (R.I. 2017) ("when the language of a statute is clear and unambiguous … this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings."). The statute is not ambiguous. It cannot be read to require a party seeking an equitable assignment of a mortgage (to later foreclose) that is undisputedly in possession of an original note endorsed in blank by an allonge affixed to the note to prove when the allonge was attached to the note.

Even if Rhode Island Gen. Laws § 6A-3-204(a) could be deemed ambiguous, which it cannot, the legislative history of the statute supports this conclusion. *See Seahorse Marine Supplies, Inc. v. P.R. Sun Oil Co.*, 295 F.3d 68, 75-76 (1st Cir. 2002) (reference to legislative history is only appropriate when the text of the statute is ambiguous). As the district court opined:

> The final sentence of R.I. Gen. Laws § 6A-3-204(a), stating that "a paper affixed to the instrument is part of the instrument," was added to the statute in 2000, see P.L. 2000, ch. 238, § 3, and was "based on subsection (2) of former Section 3-202." R.I. Gen. Laws § 6A-3-204(a), cmt. 1. Prior to the amendment, § 3-202 mandated that "[a]n indorsement must be written . . . on the instrument or on a paper so

firmly affixed thereto as to become a part thereof." R.I. Gen. Laws §
6A-3-202 (1999). "The change in language suggests an intent to
expand, rather than restrict, the use of allonges." *Livonia Prop.
Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F.
Supp. 2d 724, 734 n.10 (E.D. Mich. 2010).

A32 n.10. The Defendant's attempt to mold the statute like "play-doh" by adding

words or meaning that the legislature did not include to suit his desired result is

unavailing. *See City of Providence v. Barr*, 954 F.3d 23, 41 (1st Cir. 2020) ("Unlike

play-doh, the text of a statute cannot be molded into an infinite number of shapes

and sizes to suit the needs of particular moments."). The district court correctly

applied Rhode Island statutory law.

> ### 2. The district court likewise correctly applied Rhode Island decisional law and persuasive law from other jurisdictions.

The Defendant takes issue with the district court's reliance on persuasive

authority from other federal courts to further support its conclusion that the Plaintiff

did not need to prove when the allonge was affixed to the Note in order to enforce

the original Note in its possession or otherwise obtain an equitable assignment of the

Mortgage. In so doing, the Defendant contends, the district court disregarded Rhode

Island decisional law. Again, not so.

The district court looked to sister jurisdiction decisions because it could not

identify any "Rhode Island or First Circuit authority establishing the method of

attachment necessary to create an effective indorsement by allonge" or any

"authority establishing when the allonge must be attached to the note to create an

effective indorsement." A31. The district court did not disregard Rhode Island Supreme Court decisions as the Defendant mistakenly charges. *See* Br. at 11-12. The Rhode Island Supreme Court decisions the Defendant suggests the district court overlooked merely state that an allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *See* Br. at 11, *citing Note Capital Group, Inc. v. Perrata*, 207 A. 3d 988, 1000 n.4 (R.I. 2019); *Pimental v. Deutsche Bank National Trust Company*, 174 A.3d 740 (R.I. 2017), *quoting Moura v. Mortgage Elec. Registration Sys.*, 90 A.3d 852, 853 n.1 (R.I. 2014), *quoting NV One, LLC v. Potomac Realty Capital, LLC*, 84 A.3d 800, 803 n.4 (R.I. 2014). Of course, this definition does not state when the allonge must be attached to the note to create an effective indorsement. On the contrary, there is no Rhode Island decision that speaks to this issue.

And so, the district court looked to other federal court decisions and found that "courts faced with similar questions have held that so long as the information on the allonge indicates an intent to serve as an indorsement of the note, the indorsement is effective." A31 (cleaned up), *quoting Kohler v. U.S. Bank Nat. Ass'n*, No. 11-C-0893, 2013 WL 3179557, at *5 (E.D. Wis. June 21, 2013). Another decision the district court consulted that applied a statute identical in relevant part to R.I. Gen. Laws § 6A-3-204(a), drilled down further and found "where the allonge

presented to the Court was attached to the note" and where the allonge makes unambiguous reference to the note, "given the clear intent that the note and allonges were to be physically attached, the evidence is insufficient to invalidate the indorsement." SA31 (cleaned up), *quoting Livonia Prop. Holdings*, 717 F. Supp. 2d at 734.

Taking these well-reasoned decisions into account, the district court examined the evidence introduced at trial and concluded: "the allonge was attached to the original Note that was presented to the court, and the allonge references the Note by listing the [Defendant's] name, loan number, property address, loan amount, note date, and servicing number." A32, *citing* PXC. For this additional reason, the district court concluded that the evidence was sufficient to validate the indorsement. A32. The Defendant's perfunctory criticism that the district court erred in relying on persuasive and helpful authority and disregarded Rhode Island Supreme Court decisions to consider and decide his unsupported position is wholly without merit.

### 3. The Defendant's reliance on other states' U.C.C. provisions and decisions applying their respective statutes is woefully misplaced.

The Defendant's contention that other jurisdictions support his interpretation of R.I. Gen. Laws § 6A-3-204(a)—that an indorsement is effective only if the signature is on a paper affixed to the note when the allonge was executed, deserves short shrift. To begin, it is axiomatic that other states' statutes that include different

text than R.I. Gen. Laws § 6A-3-204(a), and the decisions interpreting these statutes, do not change the text or the plain meaning of Rhode Island's law. The U.C.C. provisions in New York, Massachusetts, New Jersey and Arizona that the Defendant proffers all require an allonge to be firmly affixed to the instrument. *See* Br. at 12-14, *citing* New York U.C.C. § 3-202(2);[5] *Duxbury v. Roberts*, 388 Mass. 385, 388, 446 N.E. 2d 401 (1983), *applying* G.L. c. 106, § 3-202 (2), as appearing in St. 1957, c. 765, § 1); *Adams v. Madison Realty & Dev., Inc.*, 853 F.2d 163, 166 (3d Cir. N.J. 1988) ("The indorsement must be on the instrument itself or on a paper intended for the purpose which is so firmly affixed to the instrument as to become an extension or part of it. Such a paper is called an allonge. U.C.C. § 3-202 Official Code Comment (3)."); *In re Weisband*, 427 B.R. 13, 19 (Bankr. D. AZ 2010), applying A.R.S. § 47-3204 (indorsement must be firmly affixed to note). Rhode Island's corresponding § 6A-3-204(a) does not include this language, as the Defendant admits. (Br. at 15).

But this does not matter says the Defendant because "[t]here is no distinction in RI commercial law between firmly affixed or affixed as the requirement of the paper being affixed to the note when the signature on the paper/allonge is made." (*See* Br. at 14). Well, there certainly is a distinction in Rhode Island commercial law

---

[5] The Defendant does not provide any New York decisions applying this statute in his opening brief. *See* Br. at 12-13.

since the legislature removed this "firmly affixed" language when it amended R.I. Gen. Laws § 6A-3-204(a) in 2000. *See* R.I. Gen. Laws § 6A-3-202 (1999). This change evidences the legislature's intent to expand the use of allonges, not to restrict them. *Livonia Prop. Holdings, LLC*, 717 F. Supp. 2d at 734 n.10, *citing cf. Estrada v. River Oaks Bank & Trust Co.*, 550 S.W.2d 719, 728 (Tex. App. 1977) (finding the reverse change—from "attached" to "so firmly affixed"—evidenced a clear intent to restrict, rather than expand, the use of allonges.).

Nonetheless, the Defendant is partially correct—there is no difference between "firmly affixed" or "affixed" as used in these statutes as to any requirement that an allonge must be affixed to the note when the allonge is signed to be effective, but not for the reasons he suggests. On the contrary, there is no difference in this regard because no state statute includes this requirement and no decision reaches this issue or finds as much. Indeed, none of the out of state decisions the Defendant relies on stands for this proposition.

In *Duxbury*, *Adams* and *In re Weisband*, the respective allonges were deemed invalid because they were not attached to the note at all. *Duxbury*, 388 Mass. at 388 (separately signed document was not an endorsement because it was not attached to the note); *Adams*, 853 F.2d at 166 ("Nevertheless, the fact remains that the indorsement sheets here were not physically attached to the instruments in any way, and thus patently fail to comply with the explicit Code prerequisite."); *In re*

*Weisband*, 427 B.R. at 19-20 (no evidence that allonge was affixed to the note). And, in *US Bank Trust National Ass'n v. Phann*, 220 N.E.3d 1001 (Ohio App. 2d 2023), the appeals court affirmed the foreclosure judgment in US Bank's favor finding the note was enforceable, even though several note endorsements were lost, through several allonges and affidavits of lost allonge attached to the original note. *Id.* at 1004, 1007-1009.

Here, of course, there is no dispute that the original allonge was affixed to the original Note, so *Duxbury*, *Adams* and *In re Weisband* are factually distinguishable and *Phann* lends no help to the Defendant. More importantly, however, contrary to the Defendant's interpretation of these decisions, none of them concludes or even considers whether an allonge must be affixed to the note when it is signed to be valid. These out-of-state decisions are inapposite.

      D.    <u>The facts in the Defendant's Requests for Admissions were deemed admitted; but his perfunctory argument is waived and the admitted facts do not belie the Plaintiff's right to an equitable assignment of his Mortgage in any event.</u>

The Defendant next contends that the district court reversibly erred by allowing the Plaintiff to present evidence at trial contrary to the facts established by Plaintiff's failure to timely respond to his requests for admissions. The Defendant argues that district court was required to accept these admissions as conclusive facts (and certain ones in particular) and should not have considered the Plaintiff's oral request at trial to disregard certain of these facts because they were not true. (*See* Br.

at 16-23). But despite the eight pages this argument consumes in his opening brief, the Defendant does not articulate or provide any legal analysis for this Court as to why any of these admitted facts precluded or should have prevented the Plaintiff from demanding and receiving an equitable assignment of his Mortgage. Absent some attempt to develop this argument, not present here, the issue is waived. *Lozada-Manzano v. United States*, 75 F.4th 31, 41 n.7 (1st Cir. 2023) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Even so, the facts which the district court actually deemed admitted (by allowing the Defendant's motion), did not preclude the Plaintiff from proving at trial that it was entitled to an equitable assignment of his Mortgage with evidence that it was in possession of the original Note. The Defendant did not ask the Plaintiff to admit in his Requests for Admission that, in fact, the Plaintiff was not in possession of the original Note. *See* A136-140. And thereafter, on August 20, 2021, the Defendant, through his counsel, knew, without question, that the Plaintiff's counsel was in physical possession of the original Note with the allonge attached thereto when he examined the original Note in person. Nor did the Defendant object to the original Note's admission into evidence at trial or otherwise try to suggest that the allonge was not affixed to the Note (because he could not). Because this undisputed evidence was the only evidence required to support the Plaintiff's request for an

equitable assignment of the Mortgage, *see Culhane* at 292; *Eaton* at *576-577, citing Ibanez* at *652,* the Defendant's arguments regarding other admitted facts are mere surplusage.

E. <u>Mr. Handville's testimony that the undisputed original Note was in Plaintiff's possession was not required.</u>

The Defendant's claim of error regarding the district court's admission of unstated loan documents through Mr. Handville's testimony is similarly deficient. Limiting the Defendant's arguments to the issues in this appeal, the Defendant asserts that Mr. Handville failed to satisfy the mandates of *U.S. Bank Trust v. Jones*, 925 F. 3d 534 (1st Cir. 2019), because he purportedly could not authenticate the Note and allonge, he could not testify that the Note was in Option One's possession (the original lender) on July 16, 2003, and the evidence at trial suggested the Note was in the possession of the closing attorney on that date, such that the allonge could not have been signed on July 16, 2003, "unless it were signed first or remotely contrary to the UCC." (*See* Br. at 24-29). The Defendant overlooks the evidentiary record and misinterprets Rhode Island law.

Again, the only evidence that was pertinent to the Plaintiff's request for an equitable assignment of the Defendant's Mortgage was the original Note itself with the original allonge attached thereto. *See Culhane* at 292, *citing Ibanez* at 54 ("The noteholder possesses an equitable right to demand and obtain an assignment of the mortgage."). The original Note was admitted into evidence by Defendant's

stipulation and the allonge indorsed in blank was undisputedly attached to the Note. The Defendant may not contradict this evidence or challenge the original Note's admissibility at trial or his admission that the allonge was affixed to the Note in this appeal. *See Feliciano*, 303 F.3d at 8 (party is bound by stipulations at trial on appeal); *Lovely*, 498 F.2d at 1264 (party is bound by attorney's acts). There was no need for Mr. Handville to authenticate this evidence.

 And the Plaintiff did not need to prove that it was in possession of the original Note or the allonge on July 16, 2003, to prove it was entitled to an equitable assignment of the Defendant's Mortgage. *See* R.I. Gen. Laws § 6A-3-301 (2000); *Lister v. Bank of Am., N.A.*, 8 F. Supp. 3d 74, 80 (D.R.I. 2014) ("[M]ere possession of the note may entitle that person to enforce the terms and conditions contained within the note" under § 6A-3-301.).

Here, there was no dispute at trial that the Plaintiff was in possession of the original Note endorsed in blank by the allonge affixed to the Note. This undisputed evidence was all that was required to support the Plaintiff's right to an equitable assignment of the Defendant's Mortgage.

F.    The "Best Evidence Rule" has no application to the issues on appeal but was satisfied.

The Defendant's contention that the district court erred in admitting evidence at trial in violation of Fed. R. Evid. 1001-1004 (the "Best Evidence Rule") does not advance his plight. The documentary evidence the Defendant claims was improperly

admitted, the trust documents (they were not) were not germane to the district court's finding that the Plaintiff was entitled to an equitable assignment of his Mortgage. The district court did not rely on this evidence in reaching its decision. *See* A26 n.6.

The only documentary evidence pertinent to the district court's finding that the Plaintiff was entitled to an equitable assignment of the Defendant's Mortgage was the Note, endorsed in blank by the allonge affixed thereto. Here, the document that was admitted into evidence was the original Note, with the original allonge affixed to the Note. The Defendant authenticated the original Note and his counsel stipulated that the Note was the original and stipulated (because he had to) that the original allonge was attached to the Note. Federal Rule of Evidence 1002 was undeniably satisfied.

## <u>CONCLUSION</u>

For the foregoing reasons and authorities, the Plaintiff-Appellee, US Bank N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11, respectfully requests that this Court affirm the judgment in its favor.

Respectfully submitted,

Attorneys for Plaintiff-Appellee

By: Its Attorneys

/s/ *Marissa I. Delinks*
Marissa I. Delinks, Bar Id. 111180
Samuel C. Bodurtha, Bar Id. 1171902
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
mdelinks@hinshawlaw.com
sbodurtha@hinshawlaw.com

Dated:    May 31, 2024

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,442 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using 14 pt Times New Roman.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that the documents filed through the ECF

system will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as

non-registered participants on May 31, 2024.

*/s/ Marissa I. Delinks*
Marissa I. Delinks
Bar Id. 111180

1062758\321358486.v1