# United States Court of Appeals
## For the First Circuit

No. 23-1475

U.S. BANK N.A., as Trustee for the Registered Holders of the Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2003-BC11,

Plaintiff - Appellee,

v.

MASOUD SHAKOORI-NAMINY,

Defendant - Appellant,

BRENDA SHAKOORI-NAMINY; SAND CANYON CORPORATION; WILMINGTON TRUST, NA, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates, Series 2007-SV1; HERITAGE CONCRETE CORP.; FIREPLACE LLC; STEPHEN E. MOTTAU; HALLINAN CAPITAL CORPORATION; SAND CANYON CORPORATION,

Defendants.

Before

Montecalvo, Lynch, and Rikelman,
Circuit Judges.

**JUDGMENT**

Entered: December 9, 2025

This appeal follows from a bench trial and final judgment in the District Court for the District of Rhode Island. We have jurisdiction under 28 U.S.C. § 1291. Merits briefing is complete. Defendant-Appellant also has filed a motion seeking remand, to which Plaintiff-Appellee filed a response. We address the motion and the merits.

To begin, Defendant-Appellant has raised subject-matter jurisdiction challenges, albeit at a late juncture and often without adequate development. Favorably to Defendant-Appellant, we consider these challenges despite his failure to raise and develop these challenges either to the district court or in the opening merits brief. See Cabán Hernández v. Philip Morris USA, Inc., 486

F.3d 1, 4–5 (1st Cir. 2007) (explicating how typical "raise-or-waive rules" for appellate arguments "do not apply with respect to claims that a court lacks subject matter jurisdiction"). Based on the arguments presented and our review of the record, we conclude that Plaintiff-Appellee has adequately demonstrated that its citizenship as trustee is the proper focus of the jurisdictional analysis, and that based on the trustee's citizenship there is no defect of the complete diversity necessary for subject-matter jurisdiction. We therefore proceed to review of the merits.

"Following a bench trial, we review the trial court's legal conclusions de novo," and "assay the court's factual findings for clear error, deferring to those findings unless careful consideration of the record leaves us with a firm conviction that they 'are simply wrong.'" Paraflon Invs., Ltd. v. Fullbridge, Inc., 960 F.3d 17, 24 (1st Cir. 2020) (quoting Calandro v. Sedgwick Claims Mgmt. Servs., Inc., 919 F.3d 26, 33 (1st Cir. 2019)). We review for abuse of discretion any evidentiary challenges, with due attention to whether there was prejudice. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 141 (1997) ("We have held that abuse of discretion is the proper standard of review of a district court's evidentiary rulings."); Duval v. United States Dep't of Veterans Affs., 69 F.4th 37, 42 (1st Cir. 2023) (reminding that even erroneous evidentiary rulings still must be more than harmless error to support a challenge on appeal).

In its motion to remand, Defendant-Appellant has raised a procedural challenge based on a purported lack of compliance with Federal Rule of Civil Procedure 7.1. This argument does not appear to have been presented to the district court or developed in the opening brief, and we deem this argument waived. See Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 59 (1st Cir. 2021) (stating that a party "cannot raise an argument on appeal that was not squarely and timely raised in the trial court") (internal quotation marks omitted); Rife v. One W. Bank, F.S.B., 873 F.3d 17, 19 (1st Cir. 2017) ("It is well-settled that arguments not raised in an opening brief, but instead raised only [later and elsewhere], are deemed waived."). Defendant-Appellant, in any event, cannot show any prejudice from lack of compliance given the lack of any availing challenge to subject-matter jurisdiction.

Defendant-Appellant also has raised other merits challenges in its opening brief. Applying the appropriate standards of review, after careful consideration of Defendant-Appellant's arguments, we can discern no developed, availing argument for reversible error.

Accordingly, Defendant-Appellant's motion is **DENIED**, and the judgment of the district court is **AFFIRMED**. See Local Rule 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Marissa I. Delinks, John S. McNicholas, Samuel Craig Bodurtha, John B. Ennis, Christopher M. Lefebvre, Brenda Shakoori-Naminy